## Congress Construction Co. v. Interior Building Co.

1. ACCOUNT STATED—*Evidence of, Held Sufficient to Support a Verdict.*—The court reviews the evidence in regard to an account stated between the parties and holds that it is sufficient to go to the jury in support of the count on an account stated.

2. ABSTRACT OF RECORD—*Must Show Exceptions.*—Where the abstract of the record shows no exceptions to rulings, the objections can not be considered in this court.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed December 14, 1899.

EDWIN F. ABBOTT, attorney for appellant.

FLOWER, SMITH & MUSGRAVE, attorneys for appellee.

To establish an account stated, proof of an express promise is unnecessary. The acquiescence of the defendant in the account as rendered, and the promise to pay the balance appearing by the account to be due, may be inferred from circumstantial evidence. Neagle v. Herbert, 73 Ill. App. 17; Concord Apartment House v. Alaska, etc., Co., 78 Ill. App. 682; Weigle v. Brantigan, 78 Ill. App. 285; Bee, Executor, v. Tierney, 58 Ill. App. 552; Green v. Smith, 52 Ill. App. 158; Moran v. Gordon, 33 Ill. App. 46; Mackin v. O'Brien, 33 Ill. App. 474; McCord v. Manson, 17 Ill. App. 121; Bailey v. Bensley, 87 Ill. 556; Cochrane v. Allen, 58 N. H. 250; Claire v. Claire, 10 Neb. 454; Stebbins v. Niles, 25 Miss. 257; Lockwood v. Thorne, 18 N. Y. 285; Wiggins v. Burcham, 10 Wallace, 129.

MR. JUSTICE ADAMS delivered the opinion of the court.

This was an action of assumpsit by appellee against appellant. The declaration consisted of the common counts, including a count on an account stated. Appellant pleaded the general issue. Appellee's evidence was, in substance, that the appellee had two contracts with appellant for work, labor and material, to be done and furnished for two school buildings; that the contracts were made in the fall of 1894, and were both completed by appellee about April 16, 1895; that a statement of appellee's account with appellant, in respect to the two school buildings, showing the balance due, was submitted to Mr. Ehrhardt, appellant's president, and that the only objection to the account was to a single item of $10, which was allowed. It further appears from the evidence that Mr. Ehrhardt claimed damages from appellee on account of another contract in respect to another building, and for that reason, also, was unwilling to pay the balance due. Evidence was introduced by the appellant tending to show that the contracts sued on were not entirely complete, and that appellant was at some expense in completing them. Appellee introduced no evidence in rebuttal of this evidence of appel-

lant. The jury found for appellee and assessed its damages at the sum of $534.70, for which judgment was rendered.

Appellant's counsel claims that the evidence of Ehrhardt that the contracts sued on were not completed, stands uncontradicted, and therefore the verdict, which was for the full amount of the balance claimed by appellee to be due, is not sustained by the evidence. But appellee's evidence was, as previously stated, that when the account was presented to Ehrhardt, showing the balance due, he objected only to a single item of $10, which was allowed, and did not object that the contracts, or either of them, had not been completed. It was therefore a question for the jury whether Ehrhardt's testimony that the contracts were not completed by appellant was entitled to credit, in view of the fact that he did not so claim when the account was presented to him, but made only the specific objection to the $10 item. The evidence was, in our opinion, sufficient to go to the jury under the count on an account stated. Neagle v. Herbert, 73 Ill. App. 17, and cases cited.

Appellant's attorney objects that the court sustained an objection to the following question asked the witness Ehrhardt:

" Was there any unfinished work on contracts between the Interior Building Company and the Congress Construction Company at the time of the failure of the Interior Building Company ? "

The objection was properly sustained. The evidence shows that there were contracts between the parties other than those sued on, and under the issues in the case damages arising out of such other contracts could neither be set off nor recouped. De Forrest v. Oder, 42 Ill. 500; Keegan v. Kennare, 123 Ib. 280.

Evidence offered by appellant as to the non-completion of the contracts sued on was admitted, which was all that it could legally claim.

Ehrhardt, in his cross-examination, testified that there was no memorandum in his book in reference to the McCosh school, one of the buildings in controversy, except a credit

for the contract of $1,900. On his re-direct examination, he was asked this question :

"You say you gave them a credit for the amount of the contract; what time, with reference to the entering in of the contract, was that made on your books?"

An objection of appellee to this question was sustained. Appellant's counsel now objects that the ruling was erroneous, but the abstract shows no exception to the ruling, and therefore the objection can not be considered. Shields v. Brown, 64 Ill. App. 259, and numerous cases therein cited.

We can not say that the verdict is manifestly contrary to the evidence, or that it is not warranted by the evidence.

The judgment will be affirmed.