### Harry C. Leemon, Defendant in Error, v. Grand Crossing Tack Company, Plaintiff in Error.

### Gen. No. 19,598.

1. MASTER AND SERVANT, § 9*—*when conditions in employment contract as to payment of wages invalid.* An employment contract which purports to deprive an employe of his wages for services rendered, by conditions as to time, manner or method of requesting his pay, is void.

2. ASSIGNMENTS, § 33*—*sufficiency of pleadings in suit by assignee of chose in action.* In an action in the Municipal Court against an employer by an assignee of an employe's claim for wages, *held* that a judgment in favor of the assignee could not be sustained where he did not in his pleadings on oath, or by affidavit, allege that he was the actual bona fide owner of the chose in action, and

how and when he acquired title, as required by section 8, ch. 110, R. S., J. & A. ¶ 8555, and this though the absence of the affidavit was not made on issue by an affidavit of merits.

3. MUNICIPAL COURT OF CHICAGO, § 5*—*judicial notice of rules of court.* The Appellate Court cannot take judicial notice of the rules of the Municipal Court of Chicago.

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in this court at the October term, 1913. Reversed. Opinion filed May 25, 1914.

A. W. MARTIN and EDWARD H. S. MARTIN, for plaintiff in error.

HARRY C. LEEMON, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

Harry C. Leemon, plaintiff, brought suit for wages earned by Jure Tomich while in the employ of the defendant and assigned to plaintiff, and recovered judgment.

Defendant seeks a defense in what is said to be the contract of employment of Tomich. It says that its manner of paying employes is as follows: In the forenoon of Wednesday, following the week in which his compensation is earned, the employe applies to his foreman for a payroll card, in the blanks of which are inserted the name and number of employe, the amount of his compensation for the week ending on the preceding Saturday, the date of that Saturday and the date on which such compensation is payable, which is the Wednesday following. The employe signs the card and delivers it to the paymaster at the office of the defendant between three and six o'clock P. M. on that Wednesday, and then the money is paid to him. It is argued that this system, which is acquiesced in by the employes, thus becoming part of the contract of employment, imposes no obligation on defendant to pay wages hitherto earned by its employes unless they

---
*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

secure the card on Wednesday and observe the conditions above described, and that Tomich by failing to appear and demand his card on Wednesday has forfeited his right to compensation for his labor; hence defendant owes Tomich nothing.

We think the mere statement of this contention is sufficient to prove its unsoundness.   Any contract which purported to deprive an employe of his wages for services rendered, by conditions as to time, manner or method of requesting his pay, would be void. Conditions subsequent are not favored in law, and forfeitures are not regarded kindly: *King v. Radeke,* 175 Ill. 72.

However, we must reverse this judgment for the reason that plaintiff has not in his pleading, on oath or by affidavit, alleged that he was the actual bona fide owner of this chose in action, and how and when he acquired title, as required by section 18, ch. 110, Illinois Statutes. (J. & A. ¶ 8555.)   It is no answer to say that the absence of this affidavit was not made an issue by any affidavit of merits filed by the defendant in the court below, as we do not understand that the affidavit of merits should contain conclusions of law.   We also find that this point of defense was raised by the first refused proposition of law submitted to the court by defendant.   In *Sixby v. Chicago City Ry. Co.,* 260 Ill. 478, it was held that this court could not take notice of the Municipal Court rules; hence we cannot judicially know of the rule cited by plaintiff.

For the reason above indicated the judgment is reversed.

*Reversed.*