**Edwards & Bradford Lumber Company, Appellant, v. G. Bontjes and J. H. Bontjes, trading as B. & B. Coal Company, Appellees.**

**Gen. No. 6,013.    (Not to be reported in full.)**

Appeal from the County Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed June 11, 1915.

### Statement of the Case.

Action of assumpsit brought by the Edwards & Bradford Lumber Company against G. and J. H. Bontjes, trading as the B. & B. Coal Company, to recover for eight carloads of coal sold and delivered them prior to July 1, 1912. The defendants claimed that they did not purchase the coal from the plaintiff but from one McCullough, and that there was no contractual relation between them and the plaintiff. G. Bontjes died and the case proceeded against J. H. Bontjes, the surviving partner. From a judgment in favor of the defendants, the plaintiff appeals.

The evidence showed that prior to July 1, 1912, McCullough was the lessee and operator of a coal mine,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and that on that day he contracted with the plaintiff in relation to the output of the mine. The written contract was excluded on the objection of the defendants, but oral evidence was given to the effect that at the time of the sale of the coal to the defendants, the plaintiff was the owner of the entire output of the mine, and that under an agreement with McCullough all coal was to be shipped in the plaintiff's name and all money collected by it; that McCullough's relation to the mine was strictly that of operator and that he had no connection with the sale of coal except that made at retail at the mine, while from some evidence it might be inferred that the plaintiff was handling the output of the mine as sales agent for McCullough. The latter operated the mine at his own expense on money furnished by the plaintiff, who received eight per cent. and McCullough ninety-two per cent. of the money received from carload shipments from the mine; and that the plaintiff was to advance the latter his percentage on notice of shipments and to collect the whole amount from the purchaser.

At the time the alleged purchase of coal occurred the defendants were operating a coal mine near that of McCullough; and there was evidence that it was customary for them to borrow powder from each other; and that about the time the eight carloads of coal were received that McCullough borrowed $115 worth of powder, which defendants claimed was to be paid for in coal; and that the eight carloads were received in payment. The plaintiff claimed that the purchase of the powder was the individual affair of McCullough with which it had no connection; and that the defendants had notice of the fact that the plaintiff owned the coal before the time of such sale. There was evidence tending to support each claim, and also of a recognition by the defendants of the plaintiff as their creditor.

At the request of the defendants, the court instructed the jury:

2. "That if you believe from the evidence that the coal in question, at the time it was purchased by the defendants, through their agent, P. J. Matheney, if you believe from the evidence that the defendants did so purchase it, was the property of E. W. McCullough and not the property of the plaintiff, then the plaintiff cannot recover in this case, and you should find the issues joined for the defendants unless you further believe from the evidence that the defendants knew or had reason to believe that the plaintiff had the exclusive control of the output of the mine operated by said McCullough."

4. "That if you believe from the evidence that the contract for the purchase of the coal in question was entered into between E. W. McCullough under the name of the Spaulding Coal Company, and the defendants through their agent, P. J. Matheney, then the plaintiff cannot recover in this case and you should find the issues joined for the defendants."

5. "That before the plaintiff can recover in this case that it must prove, by the greater weight of evidence, that the defendants purchased the coal in question from it, the plaintiff, and that they have not paid for the same. If the plaintiff fails to make this proof, you should find for the defendants."

PAGE, HUNTER, PAGE & DALLWIG, for appellant; ALDEN, LATHAM & YOUNG, of counsel.

QUINN, QUINN & MCGRATH, for appellees.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 330*—when instructions in action for price erroneous. Instructions in an action for the price of coal delivered the defendant, held erroneous, where the evidence was conflicting as to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

whether it was purchased from the lessee and operator of·a mine or from the plaintiff, who, under a contract with the former, controlled the output of the mine.

2. INSTRUCTIONS, § 159*—*when instructions construed as series.* A series of instructions is to be read as a whole.

3. INSTRUCTIONS, § 160*—*when bad instruction cured by other instructions.* A bad instruction may be explained and cured by other instructions of a series, unless a verdict is directed on the faulty one.

4. ASSIGNMENTS, § 31*—*when assignee may recover on contract.* A person cannot recover as the assignee of a contract, in an action not brought in the name of the assignor, where he does not bring himself within section 18 of the Practice Act (J. & A. ¶ 8555).