## Lepman & Heggie, Defendant in Error, v. Chicago, Rock Island & Pacific Railway Company, Plaintiff in Error.

### Gen. No. 21,133.

1. CARRIERS, § 134*—*when consignee not entitled to sue for injury to goods.* Where, on shipping a carload of eggs, the consignor at-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tached a draft for the purchase price to the bill of lading, sending it to a bank for collection, and the consignee refused to accept the eggs because of damage in transit, but later accepted same, under agreement with the consignor, at a reduced price, the consignee is not entitled to maintain an action against the carrier to recover for the negligent injury to the goods, title to same not having been in the consignee at the time the damage was inflicted, and no assignment of the right of action therefor having been alleged or proved.

2. CARRIERS, § 132*—*when showing of title to damaged goods necessary.* The right to recover damages against a carrier for negligent carriage of goods is a chose in action, and where the consignee seeks to recover therefor he must show title in himself at the time of the infliction of the injury, or an assignment to him of such chose in action.

3. CARRIERS, § 134*—*what does not entitle consignee to sue for damage to goods.* Where, at the time of the negligent injury to goods by a carrier, the title thereto was not in the consignee, the subsequent purchase of the same by him upon different terms, without paying a draft accompanying the bill of lading nor securing possession of the latter, does not operate retrospectively, so as to entitle the consignee to recover for damages inflicted in transit.

Error to the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in this court at the March term, 1915. Reversed. Opinion filed November 15, 1915.

MARCUS L. BELL, ALBERT B. ENOCH and CHARLES T. SCHWARZ, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

T. Jensen & Bros. of Marion, Kansas, shipped to plaintiff by the defendant railroad one carload of eggs, consisting of 400 cases. T. Jensen & Bros. drew a draft on plaintiff for the agreed price of the eggs, attached the same to the bill of lading and sent it through a bank for collection. The eggs were damaged in transit and plaintiff refused to accept them. After the exchange of telegrams and telephone messages between plaintiff and T. Jensen & Bros., the plaintiff finally

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

agreed to accept the eggs at a reduction from the contract price. Acting upon this latter agreement, plaintiff took possession of the eggs, re-sorted them in the car and took away all but twenty-two cases of them, which were left in the car. The eggs remaining in the car were damaged, some being broken and others being what, in the parlance of the egg trade, are known as "leakers and checks." The eggs being perishable, the defendant sold them, realizing therefor $70.53, which sum defendant tendered to plaintiff in settlement of the cause of action sued on.

The cause was tried before the court without a jury. The court found against the defendant and gave judgment for $149, and defendant seeks this review.

The action is one sounding in tort for the negligent carriage of the eggs by defendant.

It is not disputed that plaintiff neither paid the draft attached to the bill of lading nor had possession of the bill of lading. While it is claimed that it was agreed that the claim against defendant for damage to the eggs should belong to the defendant in error, there is no assignment of such chose in action from T. Jensen & Bros. to plaintiff, set up in plaintiff's pleading, and no such assignment appears in the record as evidence. *Leemon v. Grand Crossing Tack Co.,* 187 Ill. App. 247, is conclusive on this point, where it was said:

"However, we must reverse this judgment for the reason that plaintiff has not in his pleading, on oath or by affidavit, alleged that he was the actual bona fide owner of this chose in action, and how and when he acquired title, as required by sec. 18, ch. 110, Illinois Statutes (J. & A. ¶ 8555). It is no answer to say that the absence of this affidavit was not made an issue by any affidavit of merits filed by defendant in the court below, as we do not understand that the affidavit of merits should contain conclusions of law."

Defendant in its brief says: "Upon considering the circumstances surrounding the transaction, plaintiff in error is of the opinion that damages should be paid

T. Jensen & Bros., and in order to avoid a double payment this writ of error was sued out."

It is clear that the title to the eggs at the time they were damaged was in the consignor, Jensen & Bros.; and not in the plaintiff. The consignor at that time had not parted with its title to the eggs. It had neither paid the draft attached to the bill of lading nor obtained possession of the bill of lading. These were essential conditions to be performed by plaintiff in order to vest it with title to the eggs. The fact that subsequently plaintiff purchased the eggs of the consignor on different terms had no retroactive effect, neither did such subsequent purchase operate to change the title to the eggs at the time they were damaged from the consignor to plaintiff. The right to recover damages for the negligent carrying of the eggs was a chose in action. This right neither by the pleadings nor proof was shown to have been shifted from the consignor to the plaintiff, although plaintiff proceeds upon the theory that at the time of the damage it was the consignee of the eggs. Therefore plaintiff has no right of action against defendant for its negligent carrying of the eggs.

The $70.53 which defendant requests this court to adjudge to plaintiff not being in this case, we are without jurisdiction to so order.

As plaintiff has no cause of action for damages resulting from the negligent carriage of the eggs in suit, the judgment of the Municipal Court is reversed.

*Reversed.*