SECOND DISTRICT—AUGUST, 1916. 591

Illinois Midland Ry. Co. v. Farmers State Bank, 200 Ill. App. 591.

## Illinois Midland Railway Company, Appellant, v. Farmers State Bank of Newark, Illinois, Appellee.

### Gen. No. 6,314.

1. BILLS AND NOTES, § 109*—*when order not negotiable.* An order payable on the completion of the construction of a railroad, *held* not negotiable, inasmuch as the event named might never have happened.

2. ASSIGNMENTS, § 33*—*when recovery on assigned non-negotiable chose in action denied because of insufficiency of pleading.* Where a plaintiff suing in his own name as assignee of a non-negotiable chose in action failed to allege on oath that it was the actual bona fide owner thereof, or how or when it acquired title thereto, except that the date of such acquisition was laid under a *videlicet, held* that no recovery could be had, inasmuch as the plaintiff had not complied with section 18 of the Practice Act (J. & A. ¶ 8555).

Appeal from the Circuit Court of Kendall county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916.

SIDNEY N. WARE, for appellant.

JOHN M. RAYMOND and JOHN K. NEWHALL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In an action of assumpsit, pending in the Circuit Court of Kendall county, brought by Illinois Midland Railway Company against Farmers State Bank of Newark, Illinois, on February 25, 1916, plaintiff withdrew its original declaration and by leave of court filed in lieu thereof an additional special count, to which defendant demurred. The court sustained the demurrer, the parties abided by their pleadings, there

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

592    Appellate Courts of Illinois.

Illinois Midland Ry. Co. v. Farmers State Bank, 200 Ill. App. 591.

was a judgment in bar against plaintiff, and plaintiff prosecutes this appeal therefrom.

Said additional special count alleged that plaintiff at a certain date was about to construct a railway in Kendall county from Millington, a junction with the Chicago, Burlington & Quincy, to Newark, and that thirty-nine persons there named, and others, deposited in the defendant bank the sums of money set opposite their respective names, aggregating $6,105, to aid in such construction; that on October 27, 1913, said sub-scribers named, with the consent of plaintiff, directed defendant to pay to M. C. Connors & Company, "under the name of railroad contractors," said sums of money by the following instrument in writing:

"Newark, Ills., Oct. 27, 1913.
"Farmers State Bank,
    Newark, Ills.

"Pay to the Railroad Contractors with the Illinois Midland Railway my subscription now in your posses-sion to aid in paying such Contractors for construc-tion when that section of the road is built which lies between Newark and a junction point with the Chicago, Burlington & Quincy on the north and the first train reaches Newark over such section";

that defendant accepted said order and promised to pay said railroad contractor "said sums of money so on deposit under and by virtue of the terms of said order above specified"; that "on, to-wit, February 14, 1914," all said conditions had been fulfilled, said railroad had been constructed between Newark and a junction point with the Chicago, Burlington and Quincy on the north and a train thereon had reached Newark, and that M. C. Connors & Company had built it in reliance on said order; that on said day plaintiff or-dered defendant to pay said subscriptions to said rail-road contractors; that by virtue of said facts, defend-ant was indebted to said railroad contractors and they demanded of defendant said sum of money, but defend-ant refused to pay it; that on November 26, 1915, by

a writing commonly called an assignment, M. C. Connors & Company assigned to Peter Osmond and A. M. Thorsen, trustees, their title to any money on deposit in said bank as inducements and subscriptions to the building of said railroad, by which assignment they directed defendant to pay said money to Osmond and Thorsen as trustees; that "on, to-wit, the 15th day of January, 1916," Osmond and Thorsen, as trustees, by their instrument in writing, assigned to plaintiff their title to said funds, whereby said sums of money became due from defendant to plaintiff, and that by these facts defendant became indebted to plaintiff, and that from thence hitherto defendant has held said money for the use of the plaintiff, etc.

It is obvious that the condition named in the order above set out might never have been performed. Therefore said order is not a negotiable instrument at common law or under the law merchant, because to make it negotiable it must be payable either at a time stated or at a time capable of being ascertained and sure to occur. *Kingsbury v. Wall,* 68 Ill. 311; *Van Zandt v. Hopkins,* 151 Ill. 248. Sections 1 and 4 of the Negotiable Instruments Law of 1907 (J. & A. ¶¶ 7640, 7643). Said section 4 provides "an instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect."

As this instrument was not negotiable prior to the adoption of our Practice Act of 1907, the equitable owners of said instrument could only sue thereon and recover in the name of the payee of that instrument. By section 18 of the present Practice Act (J. & A. ¶ 8555), the assignee and equitable and bona fide owner of a chose in action not negotiable may sue thereon in his own name, but he is required to state in his pleading on oath or by his affidavit, where pleading is not required, that he is the actual bona fide

owner thereof, and to set out how and when he acquired title. There is an affidavit attached to this additional special count, but it is only to the effect that affiant is the agent of plaintiff; that plaintiff's demand is for money had and received by defendant for the use of plaintiff; and that a certain sum is due from defendant to plaintiff. Said count did not allege that plaintiff is the actual bona fide owner of said chose in action, and if there is any allegation which can be so construed, it is not under oath. There is no allegation under oath how plaintiff acquired title nor when he acquired title, nor does the affidavit state that the allegations of the declaration are true, except as above stated. Moreover, the statement in the declaration of the date when plaintiff became the assignee of said instrument is laid under a *videlicet*. The effect of that allegation is to relieve plaintiff of any duty to prove that precise date, but any other date may be proved thereunder. *Rose v. Mutual Life Ins. Co.*, 144 Ill. App. 434; *Steele-Wedeles Co. v. Shoodoc Pond Packing Co.*, 153 Ill. App. 576; *Harrison v. Thackaberry*, 154 Ill. App. 246; *Columbian Three Color Co. v. Ætna Life Ins. Co.*, 183 Ill. App. 384. It is obvious that to permit the pleader to set forth one date when he acquired title to the chose in action and to prove a different date would defeat the purpose of the statute. It is clear that plaintiff made no attempt to conform to said statute in any respect. It cannot recover under that statute in its own name as assignee of said chose in action. *Leemon v. Grand Crossing Tack Co.*, 187 Ill. App. 247; *Edwards & Bradford Lumber Co. v. Bontjes*, 193 Ill. App. 392.

Plaintiff contends that it can recover, because this is money which equitably belongs to the plaintiff and which the defendant ought not to retain. If that principle can be sustained, it entirely destroys the long established doctrine that the assignee of a chose in

action cannot recover thereon in his own name, and also destroys the effect of said recent statute, permitting such a recovery under certain circumstances. We are of opinion that the rule so relied on is not applicable to this case.

The judgment is therefore affirmed.

*Affirmed.*