Fingado v. Wilson Braiding & Embroidering Co., 205 Ill. App. 267.

terminate the lease on ten days' written notice, and that, in case of destruction or rendering of the premises uninhabitable by fire, rent should abate until the premises were rebuilt or rendered fit for occupancy, and in case of failure to rebuild or repair the lease might be terminated upon notice, and that the lessee reserved the right to terminate the lease at any time on ten days' notice, *held* that the ten-day cancellation provision had application only in case of total destruction by fire, or failure to put the premises in habitable condition after damage by fire, and that consequently the defendant did not have the right to terminate the lease at any time.

---

# Gustave Fingado, Appellee, v. Wilson Braiding & Embroidering Company, Appellant.

## Gen. No. 22,300.

1. ASSIGNMENTS, § 33*—*when pleading not supported by personal affidavit as to ownership of assigned claim is defective.* In an action in the Municipal Court upon an account, where plaintiff's statement of claim alleged an assignment of the account to him for valuable consideration, and was supported by the affidavit of plaintiff's attorney which alleged that the plaintiff was then the actual bona fide holder of the account, and the defendant, in his affidavit of merits, disclaimed knowledge of the supposed assignment and stated upon information and belief that the plaintiff was not the actual bona fide owner and holder of the account, and defendant's affidavit was stricken from the files and its countermotion to strike

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff's statement was denied, and, upon the defendant's electing to stand by its affidavit of merits, default was taken and judgment entered, *held* that in failing to support his statement of claim by his personal affidavit as required by section 18 of the Practice Act (J. & A. ¶ 8555), the plaintiff failed to state a cause of action, and that therefore the denial of the defendant's motion to strike such statement of claim from the files was error.

2. STATUTES, § 234*—*how statute in derogation of common law construed.* A statute which is in derogation of the common law must be strictly construed, and a strict compliance therewith is indispensable.

3. STATUTES, § 234*—*how statute requiring affidavit of ownership of assigned claim construed.* In an action in the Municipal Court upon an account, where the plaintiff's statement of claim alleged that he was the assignee of such account for valuable consideration, and the affidavit in support of such statement of claim was made by the plaintiff's attorney, *held* that section 18 of the Practice Act (J. & A. ¶ 8555), giving the assignee and bona fide holder of a chose in action the right to sue in his own name but requiring such holder to make allegations or affidavit of ownership, being in derogation of the common law, required strict construction.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed April 10, 1917.

BAKER & HOLDER, for appellant; G. RAYMOND COLLINS, of counsel.

HENRY M. GOLDSMITH, for appellee.

MR. JUSTICE MCDONALD delivered the opinion of the court.

Appellee, Gustave Fingado (plaintiff below), recovered a judgment against the Wilson Braiding & Embroidering Company for $1,928.78, to reverse which this writ of error is prosecuted.

Plaintiff in his statement of claim alleged that the account sued upon had been assigned to him for a

valuable consideration. The statement of claim was supported by the affidavit of plaintiff's attorney, wherein he alleged that the plaintiff was then the actual bona fide holder of said account.

Defendant filed an affidavit of merits, in which it disclaimed any and all knowledge or notice of the supposed assignment of the account in question, and stated upon information and belief that plaintiff was not the actual bona fide owner thereof, and that said account was not assigned to plaintiff for a good and valuable consideration.

On motion of the plaintiff, defendant's affidavit of merits was stricken from the files. Defendant made a countermotion to strike plaintiff's statement of claim from the files, which was denied by the court, and defendant having elected to stand by its affidavit of merits, its default was taken and the judgment in question entered against it.

The question here presented for determination is whether or not plaintiff's attorney had the right to make the affidavit required by statute, in support of plaintiff's claim.

Section 18 of the Practice Act, ch. 110, Rev. St. of Illinois (J. & A. ¶ 8555), is in part as follows:

"The assignee and equitable and *bona fide* owner of any chose in action not negotiable heretofore or hereafter assigned, may sue thereon in his own name, and he shall in his pleading on oath, or by his affidavit, where pleading is not required, allege that he is the actual *bona fide* owner thereof, and set forth how and when he acquired title," etc.

This provision of the statute being in derogation of the common law, it must be strictly construed, and a strict compliance therewith is indispensable. (*Edwards & Bradford Lumber Co. v. Bontjes,* 193 Ill. App. 392; *Leemon v. Grand Crossing Tack Co.,* 187 Ill. App. 247.) One of the requirements of the provisions of the act in question is that the assignee

shall, in his pleading, on oath or by *his* affidavit, where pleadings are not required, allege that *he* is the actual bona fide owner of the chose in action. The obvious reason therefor is that such information is peculiarly within the knowledge and conscience of the assignee alone.

The statement of claim in question being unsupported by plaintiff's personal affidavit, it failed to state a cause of action under section 18, *supra,* and hence the court erred in denying defendant's motion to strike same from the files. *Hadden v. Larned,* 83 Ga. 636; *Shattuck v. Myers,* 13 Ind. 46; *Hinkle v. Lovelace,* 204 Mo. 208.

In our opinion, defendant's said motion was sufficiently definite and specific to reach this objection.

In this view of the case, it becomes unnecessary to pass upon the other points raised.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*