## James Peterson, Appellee, v. Iris Theatre Company and John Powers, Appellants.

### Gen. No. 25,133.

1. SET-OFF AND RECOUPMENT, § 31*—*when statement of is insufficient.* A statement of set-off attempting to set up in defendant's favor a claim based on a non-negotiable chose in action of a third person which does not under oath allege that defendant is the actual bona fide owner of the chose in action, nor how and where he acquired title thereto, is insufficient under section 18 of the Practice Act (J. & A. ¶ 8555).

2. SET-OFF AND RECOUPMENT, § 28*—*how assignee must plead chose in action by way of set-off.* As without the authority conferred by section 18 of the Practice Act (J. & A. ¶ 8555), the assignee of a non-negotiable chose in action cannot sue thereon in his own name, in order that he may plead such chose in action by way of set-off he must state his right of set-off in accordance with the requirements of that provision.

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.

3. SET-OFF AND RECOUPMENT, § 40*—*what is effect of non-negotiable chose in action as evidence.* A non-negotiable chose in action has no greater evidentiary value in a cause of action by way of set-off than in an original suit.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed June 2, 1920.

LAWRENCE C. TRAEGER, for appellants.

BLUM, WOLFSOHN & BLUM, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This is a suit upon an appeal bond in which the plaintiff is obligee and the Iris Theatre Company, defendant, is principal obligor, and John Powers, defendant, is surety.

On June 15, 1917, the plaintiff having recovered a judgment against the Iris Theatre Company in the sum of $760.41, an appeal was taken to this court and the appeal bond, here sued upon, was given. That judgment was affirmed by this court. *Peterson v. Iris Theatre Co.,* 212 Ill. App. 660.

The present claim of the plaintiff, upon the appeal bond, is for principal, interest and costs, amounting in all to $819.97. To the statement of claims setting up the foregoing indebtedness, the defendant, John Powers, on December 9, 1920, filed an affidavit of merits, and, on December 17, 1918, a claim for a set-off in the sum of $901.60. On January 2, 1919, the set-off was stricken from the files and on January 9, 1919, the affidavit of merits was stricken. On January 14, 1919, an amended affidavit in the names of both defendants was filed. It sets up, substantially, the following:

The claim of the defendants is that on March 8, 1912,

one Garvey leased to Refakes certain premises in Chicago; and on the same day Refakes sublet these premises to one Scott for 5 years from May 1, 1912, at $300 per month, payable in advance on the first day of every month; that said Scott deposited $720 as security for payment of said rent as provided in the lease; that by the terms of the sublease Refakes agreed to apply said $720 (together with interest thereon at 6 per cent) on and to the last 3 months' rent of the term. On May 1, 1913, Refakes assigned and transferred all his right, title and interest in his lease to the plaintiff, Peterson, turning over to Peterson the $720, said Peterson assuming and agreeing to be bound by the obligations of Refakes respecting the deposit of $720. Peterson collected the rents from Scott and otherwise performed the obligations and exercised the rights of Refakes under the lease until December 1, 1917, when he, Peterson, abandoned the premises and forfeited all right thereto for failure to pay Garvey the rent due as provided by the lease between Garvey and Refakes and which obligation Peterson had assumed as above set forth. By reason of such abandonment and forfeiture the sublease to Scott and all rights of said Scott to possession terminated and Peterson refused to apply the money deposited as aforesaid by Scott (with interest thereon at 6 per cent) to the payment of the last 3 months' rent of the term as provided by the sublease and by the terms of the assignment between Refakes and Peterson; that as a result Peterson became liable to Scott in the amount of $720 and interest thereon from March 8, 1912, at 6 per cent. On May 1, 1918, Scott for a valuable consideration, assigned and transferred to John Powers and Iris Theatre Company, the defendants, all his right, claim and interest to the sum of money then due and owing by Peterson to Scott; that Peterson became liable to pay to the defendants the sum of $720, with interest, in all, $901.60; that the

defendants are entitled to recoup on the ground that the claim of the plaintiff grows out of the same transaction.

On January 21, 1919, that amended affidavit of merits being stricken and a motion of the defendants for leave to file instanter a statement of set-off containing substantially what was set forth in the affidavit of merits, being refused, the defendants elected to stand, and the trial judge then entered judgment for the plaintiff in the sum of $819.97. This appeal is therefrom.

The defendants contend (1) that the trial court erred in sustaining the motion 'to strike the amended affidavit of merits, and (2) in denying the motion of the defendant for leave to file an amended statement of set-off.

(1) As to the amended affidavit of merits: The amended affidavit of merits does not in any way deny the execution of the appeal bond upon which this suit was brought. It purports to set up a right to recoup the damages claimed to have been suffered by Scott on account of the alleged breach of plaintiff's contract pertaining to the application of the deposit. But, in recoupment, one may set off any claim for liquidated or unliquidated damages if they arise out of the same transaction as the plaintiff's cause of action. Here the plaintiff sued upon an appeal bond. The matter involved was the success or failure of the appeal. The defendants' claim does not bear in any way upon that cause of action. In *Keegan v. Kinnare,* 123 Ill. 280, the suit was on an appeal bond, and the defendants offered to show that when the writ of possession was executed, the principal in the bond being the tenant, was wrongfully prevented from taking from the premises certain property which she claimed; and that she was, therefore, entitled to recoup the damages thus sustained. The court held, however, that even though she had sustained such damages, they did not

arise out of the transaction which the appeal bond involved. The court there said:

"What possible connection is there here between the conduct of the officer, or the heir-at-law, (Frank Kinnare being then dead), in executing the writ of possession, and the subject-matter of this bond? The subject-matter of this bond is the prosecution of an appeal from the judgment of the superior court to the Appellate Court. It does not look beyond the affirmance or the reversal of that judgment. It is to secure the appellee against loss by reason of the prosecution of that appeal, and liability was fixed by the judgment of affirmance." *Congress Const. Co. v. Interior Bldg. Co.,* 86 Ill. App. 199; *Lyon v. Bryant,* 54 Ill. App. 331; *Barker v. Turnbull,* 51 Ill. App. 226; *Kingman v. Draper,* 14 Ill. App. 577, is not in point.

(2) Did the court err in denying the defendant's motion for leave to file the amended statement of set-off? In the instant case, the amended set-off, which it was sought to file, did not, according to section 18 of the Practice Act (chapter 110, Rev. St., J. & A. ¶ 8555) state a cause of action. A set-off is in the nature of a distinct cause of action by the defendant against the plaintiff. In setting it up, such averments must be made as by themselves constitute a sufficient statement of a cause of action. In the instant case, the amended set-off was in the names of the defendants, and the claim being originally that of Scott was a non-negotiable chose in action. Section 18 of the Practice Act (J. & A. ¶ 8555), provides as follows:

"The assignee and equitable and bona fide owner of any chose in action not negotiable heretofore or hereafter assigned, may sue thereon in his own name, and he shall in his pleading on oath, or by his affidavit, where pleading is not required, allege that he is the actual bona fide owner thereof, and set forth how and when he acquired title; but in such suit there shall be allowed all just set-offs, discounts and defenses, not only against the plaintiff, but also against

the assignor or assignors, before notice of such assignment shall be given to the defendant.''

The amended statement of set-off does not under oath allege that the defendants are ''the actual bona fide'' owners thereof; nor does it state ''how and where'' they acquired title to the chose in action. As, without the statute, the owner of a non-negotiable chose in action could not sue thereon in his own name, it is reasonable that in undertaking to state a cause of action in the nature of a set-off, the requirements of section 18 should be complied with. A non-negotiable chose in action has no greater evidentiary value in a cause of action by way of set-off than in an original suit. *Leemon v. Grand Crossing Tack Co.,* 187 Ill. App. 247; *Lepman & Heggie v. Chicago, R. I. & P. Ry. Co.,* 195 Ill. App. 370; *Illinois Midland Ry. Co. v. Farmers State Bank of Newark,* 200 Ill. App. 591; *Fingado v. Wilson Braiding & Embroidering Co.,* 205 Ill. App. 267.

We are of the opinion that the trial court did not err in refusing to allow the amended set-off to be filed.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE THOMSON and MR. JUSTICE O'CONNOR concur.