## John MacFadyean, personally and as assignee of claim of W. P. Stratton, Appellee, v. Watling Manufacturing Company, Appellant.

### Gen. No. 31,494.

1. CONTRACTS—*unenforceability of contingent fee contract to procure reduction of taxes.* The maxim "*ex turpi causa non oritur actio*" applies to defeat an action on contract by tax specialists in which contract it was agreed that plaintiff should be paid for any services in securing from the national legislature or government departments a reduction in tax on defendant's vending machines by a share thereof, on the ground that such a contract is void as against public policy.

2. ASSIGNMENTS—*compliance with statutory requirements as prerequisite to right to sue as assignee.* One of two partners employed by defendant to secure a reduction in his taxes must comply with the provisions of Cahill's St. ch. 110, ¶ 18, requiring the assignee to set forth how and when he acquired title, to be entitled to sue for himself and as assignee of his partner.

Appeal by defendant from the Municipal Court of Chicago; the Hon. THEODORE F. EHLER, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Reversed. Opinion filed May 2, 1927. Rehearing denied and opinion modified May 16, 1927.

BANGS & FRANKHAUSER, for appellant; WENDELL McHENRY, of counsel.

BENJAMIN P. EPSTEIN and GESAS & LEONARD, for appellee; MILLARD R. POWERS, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In an action on contract upon trial by jury at the close of the evidence, the court instructed the jury to find the issues for plaintiff and assess his damages at the sum of $1,926.06. The verdict was returned and judgment was entered thereon.

The contract sued on is in writing, dated May 8, 1923, and by its terms the defendant employed the firm of Stratton & MacFadyean, as tax and technical specialists, to perform certain services.

This suit was brought by MacFadyean in his own right as one of the parties jointly employed and also as assignee of his joint contractor, Stratton.

The defendant contends that the judgment must be reversed, first, because the contract sued on was void as against public policy, and second, because neither in pleading nor proof of assignment did plaintiff comply with section 18, ch. 110, see Smith-Hurd's Ill. Rev. St. 1925, p. 1954, Cahill's St. ch. 110, ¶ 18, concerning assignments in causes of action. Either contention, if sustained, is fatal to the right of the plaintiff to recover.

The contract sued on was as follows:

"The undersigned hereby agrees to and does employ Messrs. W. B. Stratton and John MacFadyean, No. 2001 Fisk Building, New York City, as tax and technical specialists and experts, to perform and render any and all services necessary and required, in presenting the different essential facts and expert and technical data to the different branches of the United States Congress, its subsidiaries, committees, or any other bodies which may be appointed by them, on the different hearings which may be held, concerning the revision and adjustment of the different Excise Tax

Schedules, now in force and operative, in so far as the same applies to tax payments on slot vending and slot weighing machines, manufactured in the United States; the present rate of tax being ten per cent (10%) on slot weighing machines, and five per cent (5%) on slot vending machines.

"And we further agree that for all services rendered by Messrs. Stratton & MacFadyean, and necessary expenses incurred in the above matter, to pay them, for all of such services, a sum equal to any and all reductions which may be made before December 1, 1924, by the United States Government, upon said two articles, from the present rate. The compensation agreed upon herein, is to be computed on the basis of the total amount of excise tax reported by the undersigned for the one year 1923. In no event shall the total amount to be paid for the above services exceed the total amount of excise tax reported by us during the year 1923; a payment of such total amount shall be deemed complete compensation for any services rendered under this agreement by Messrs. Stratton & MacFadyean.

"It is further understood, that in the event that no reductions are made, then Messrs. Stratton & MacFadyean shall not be entitled to any compensation whatsoever, from the undersigned.

(Signed) Watling Mfg. Co.,

By Thos. Watling, President.

"Chicago, Illinois, May 8th, 1923.

"This is to certify that a certain agreement entered into this day reference the excise tax on scales and vending machines is signed with the understanding that same is not in effect, except as to 50 per cent of amount saved to us, the Watling Mfg. Co.

(Signed) Stratton and MacFadyean,

By John MacFadyean."

The substance of this agreement appears to be that the plaintiffs contract, at their own expense to en-

deavor to influence the national legislature and other departments of the government in the matter of revenues, their compensation to be contingent upon success in securing this result.   That irrespective of whether the defense is pleaded such a contract is unenforceable by the courts, is a rule of law as old as the maxim *ex turpi causa non oritur actio*.   This maxim was applied by the Supreme Court of the United States in *Providence Tool Co. v. Norris*, 2 Wall. (U. S.) 45, followed by that court is the interesting case of *Oscanyan v. Arms Co.*, 103 U. S. 261, and by the Supreme Court of Illinois in *Crichfield v. Bermudez Asphalt Paving Co.*, 174 Ill. 466. The cases applying the rule are again cited and discussed in *Crocker v. United States*, 240 U. S. 78, 36 Sup. Ct. 247. That this court has not failed to rigidly apply the rule, see *Jamieson v. Iles*, 219 Ill. App. 432.

In conformity with the maxim and adhering to the rules of law as expressed in these decisions, we hold this contract null and void on ground of public policy.

Our conclusion on this point makes unnecessary an extended discussion of the second point.   An examination of the record, however, indicates that there was no attempt to comply with the material provisions of said section 18.

For the reasons indicated the judgment is reversed.

*Reversed.*

McSURELY, P. J., and JOHNSTON, J., concur.