Jack Winitt, Appellee, v. Ben Kornblith, Appellant.

Gen. No. 32,280.

Opinion filed February 27, 1928.

MORRIS K. LEVINSON, for appellant.

THEODORE STONE, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by the defendant from a judgment in the sum of $582.50 entered upon the verdict of a jury, after motions for a new trial and in arrest of judgment had been overruled. There is no bill of exceptions, and the error assigned and argued is that the motion in arrest of judgment should have been sustained because the statement of claim did not comply with the provisions of section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18.

The statement of claim shows that the claim was in part based upon an account which had been assigned to the plaintiff. Section 18 provides:

"The assignee and equitable and *bona fide* owner of any chose in action not negotiable, heretofore, or hereafter assigned, may sue thereon in his own name, and he shall in his pleading on oath, or by his affidavit,

where pleading is not required, allege that he is the actual *bona fide* owner thereof, and set forth how and when he acquired title.''

Neither in the affidavit nor statement of claim, in so far as the record discloses, did the plaintiff comply with these necessary provisions of this section of the statute, and in *Gallagher v. Schmidt,* 313 Ill. 40, the Supreme Court has held, folowing the rule theretofore laid down in *Allis-Chalmers Mfg. Co. v. City of Chicago,* 297 Ill. 444, as follows:

''An assignee of a chose in action does not state a cause of action in favor of the plaintiff unless it contains the allegations required by section 18, showing the assignment of the chose in action, the actual ownership thereof by him and setting forth how and when he acquired title.''

This rule has also been followed by this court in *Madison & Kedzie State Bank v. Old Reliable Motor Truck Co.,* 236 Ill. App. 442; *MacFadyean v. Watling Mfg. Co.,* 244 Ill. App. 224. In *Fingado v. Wilson Braiding & Embroidering Co.,* 205 Ill. App. 267, and the second division of this court stated that this provision of the statute, ''being in derogation of the common law, it must be strictly construed, and a strict compliance therewith is indispensable,'' citing as authority *Edwards & Bradford Lumber Co. v. Bontjes,* 193 Ill. App. 392; *Leemon v. Grand Crossing Tack Co.,* 187 Ill. App. 247, and similar language without the citation of authority to support it is found in *Madison & Kedzie State Bank v. Old Reliable Motor Truck Co., supra.* The cases cited in *Fingado v. Wilson Braiding & Embroidering Co., supra,* do not sustain the statement, and a careful reading of the opinions of the Supreme Court in the two cases heretofore cited fails to disclose the adoption of such rule of construction. The cases all hold, however, that the provisions of this section of the statute must be complied with by an assignee suing in his own name, and that without such

compliance in cases where written pleadings are required, no cause of action is stated. The Federal courts have also adopted this construction (see *N. & G. Taylor Co. v. Anderson*, 14 F. [2d] 353).

However, in the municipal court of Chicago an action of the fourth class is whatever the evidence makes it. *Edgerton v. Chicago, R. I. & P. Ry. Co.*, 240 Ill. 311; *Bruner v. Grand Trunk Western Ry. Co.*, 236 Ill. App. 541; 319 Ill. 421.

Written pleadings being unnecessary in actions of the fourth class in the municipal court, in the absence of a bill of exceptions we will presume that the defect was cured by verdict. *McClunn v. Gillespie*, 227 Ill. App. 400; *Sher v. Robinson*, 298 Ill. 181.

For the reasons indicated the judgment is affirmed.

*Affirmed.*

O'Connor and McSurely, JJ., concur.