L. M. Snite, Trading as Local Loan Company (not Inc.), Defendant in Error, v. New York Central Railroad Company, Plaintiff in Error.

Gen. No. 34,781.

Opinion filed June 26, 1931.

GLENNON, CARY, WALKER & MURRAY, for plaintiff in error; L. BEERS-JONES, of counsel.

ORVILLE W. LEE and JOSEPH E. NEWTON, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered·the opinion of the court.

In a fourth class action in contract commenced in the municipal court on November 16, 1928, there was a trial without a jury on December 14, 1928, resulting in the court finding the issues against defendant, assessing plaintiff's damages at $36.93, and entering judgment in that sum against defendant.

In plaintiff's statement of claim he alleged that his claim "is upon an assignment of 50 per cent of all salary and wages and 100 per cent of all commissions and other moneys of Edwin J. Hooper, dated December 20, 1927, due or to become due unto him from defendant, due notice of said assignment having been served upon defendant on March 14, 1928''; that by the assignment and notice plaintiff is entitled to recover of defendant 50 per cent of all moneys then due or to become due to Hooper from defendant for salary and 100 per cent for commissions; that plaintiff is the equitable and bona fide owner of said money so assigned and has demanded the same of defendant; and that plaintiff is, and was at the date of the execution of the assignment, duly licensed under the provisions of the Illinois Act as to "Regulation of Business of Making Loans." (See Cahill's Stat. 1927, ch. 74, ¶ 27 et seq. pp. 1533–4.) Accompanying the statement of claim is the affidavit of an agent of plaintiff, who states on oath that he has knowledge of the facts; that plaintiff's claim is for money due him from the defendant upon the assignment above mentioned, after due notice thereof and demand for payment as above set forth; that "plaintiff is the actual bona fide owner thereof and acquired title thereto by means of the assignment set forth in the foregoing statement of claim and on

the date thereof''; and that there is due plaintiff from defendant the sum of $200, etc.

The act referred to in the statement of claim became in force on July 1, 1917, and is entitled ''An act to license and regulate the business of making loans in sums of $300 or less, secured or unsecured, at a greater rate of interest than 7 per centum per annum, . . . and regulating the assignment of *wages or salaries* earned or to be earned, when given as security for any such loan.'' In section 1 of the act it is provided that ''it shall be unlawful to make any loan of money, credit, goods or things in action in the amount or to the value of $300 or less, whether secured or unsecured and charge, contract for, or receive a greater rate of interest than 7 per centum per annum therefor, without first obtaining a license from the Department of Trade and Commerce as herein provided.'' Then follow provisions as to how the license may be obtained by the filing of an application, the giving of a bond and the payment of an annual license fee, etc.; also provisions concerning the revocation of an issued license, etc. A part of section 2 of the act and all of section 4 are as follows:

''2. Every licensee licensed hereinunder may loan any sum of money, goods, or things in action, not exceeding in amount or value the sum of $300, and may charge, contract for and receive thereon interest at a rate not to exceed 3½ per centum per month; . . .

''4. No assignment of any *salary* or any *wages,* earned or to be earned, given to secure any loan made under this Act, shall be valid, unless in writing signed by the borrower; nor shall such assignment be valid unless given to secure an existing debt or one contracted simultaneously with its execution.

''Under such assignment or order for the payment of future salary or wages given as security for a loan made under this Act, a sum of fifty (50) per centum

of the borrower's salary or wages shall be collectible by the licensee from the time that a copy thereof, verified by the oath of the licensee, or his agent, together with a verified statement of the amount unpaid upon such loan, has been served upon the employer.''

It will be noticed that the present action was commenced by plaintiff, as assignee of a chose in action not negotiable, in his own name under the provisions of section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18, passed in 1907, and amended in 1915, and further amended in 1925. It is only by virtue of the provisions of this section that he, as such an assignee, can bring the action *in his own name*. In *Allis-Chalmers Mfg. Co. v. City of Chicago,* 297 Ill. 444, 449, it is said: ''Before the passage of section 18 of the Practice Act of 1907 no cause of action existed in favor of the assignee of a chose in action.''

Said section 18, as amended, is in part as follows: (Cahill's Stat. 1927, ch. 110, p. 1944).:

''The assignee and equitable and *bona fide* owner of any chose in action not negotiable, heretofore, or hereafter assigned, may sue thereon in his own name, and he shall in his pleading on oath, or by his affidavit where pleading is not required, allege that he is the actual *bona fide* owner thereof, and set forth how and when he acquired title; but in such suit there shall be allowed all just set-offs, discounts and defenses, not only against the plaintiff, but also against the assignor or assignors, before notice of such assignment shall be given to the defendant: *Provided,* that in all cases in which the chose in action sued upon shall have been (assigned for the purpose of securing the payment) of an indebtedness from the assignor to the assignee thereof, and in which the chose in action so assigned consists of wages due or to become due to the assignor thereof from the defendant in such action, at least five days' written notice of the pendency of such suit

shall be served upon the assignor of such chose in action, before the trial of the same; and upon application of the assignor of such chose in action, the court shall allow said assignor to interplead and be made a party to such action; and said assignor, or the defendant to said suit in behalf of said assignor, shall be allowed to set up or affirmatively maintain any just set-off, discount or defense which said assignor may have to said assignments of said chose in action, or to the indebtedness the payment of which is secured by the assignment of said chose in action; . . ."

The bill of exceptions discloses that, upon the cause being called for trial on December 14, 1928, defendant's attorney stated that plaintiff, under the provisions of section 18 of the Practice Act, could not maintain his suit unless he showed that a written notice of the pendency of the suit had been *personally* served upon Edwin J. Hooper, the assignor, at least five days before December 14th; that thereupon *plaintiff's* attorney stated that said Hooper *was dead;* and that thereupon plaintiff was allowed to introduce in evidence, over defendant's objection, a certain written notice, signed by plaintiff's attorney and dated December 6, 1928, and to which notice was attached an affidavit, signed and sworn to by one Newton on December 6. The notice is entitled in the cause and is addressed to "Edwin Hooper," and thereby he is notified that the cause has been set for trial on December 14, 1928, at 9:30 o'clock A. M. before a certain judge of the municipal court (naming him), and that the suit "is an action by the Local Loan Co. to recover the *salary* earned by you under the assignment of *wages* dated December 20, 1927." No mention is made in the notice as to "commissions" and, apparently, the words "salary" and "wages" are used interchangeably. In the affidavit Newton swears that he served the above notice "by *mailing* a copy of the

same to the within named Edwin J. Hooper this 6th day of December, 1928.'' It is not stated to what address the letter, containing the notice, was sent.

The bill of exceptions further discloses that plaintiff then called as his witness Mrs. H. M. Stevens, who testified that she was employed in the dining car department of defendant; that Hooper was in its employ on December 20, 1927; that he died on March 6, 1928; and that defendant ''was indebted to Hooper on March 14, 1928, in the sum of $73.87.'' It will be noticed that 50 per cent of this sum is $36.93, the amount of the judgment in question, and that the witness does not state what said sum is owing to Hooper for, whether for wages or salary, or otherwise. Thereupon plaintiff called as a witness one of his employees, D. E. Fitzgerald, who testified that he personally handled the last loan made to Hooper and that on March 14, 1928, Hooper was indebted to plaintiff in the sum of $100, with 3½ per cent per month interest from February 20, 1928. The witness identified Hooper's signature on each of two of plaintiff's exhibits, which were then introduced in evidence. Exhibit 1 is Hooper's judgment note, dated Chicago, December 20, 1927, by which he promised to pay to ''L. M. Snite, doing business as Local Loan Co. (not inc.) $120, in instalments as follows, to wit, $10, together with interest on the principal sum of this note at the rate of 3½ per cent per month, on the 20th day of January, 1928, and the same sum, together with interest at the same rate on the unpaid balance of said principal sum, on the 20th day of each consecutive month thereafter, until the full amount of this note, with interest at said rate on all unpaid balances thereof, is paid.'' Above the signature, in addition to the usual judgment clause, are other clauses in small printed type. Two of these clauses are: ''Default in the payment of any installment of the principal or

interest hereof, or of any part of either, shall, at the option of the holder hereof and without notice, render the then unpaid balance of the principal hereof and accrued interest thereon at once due and payable''; and ''the payee herein named is licensed by the State of Illinois to make loans in sums of $300 or less at rates of interest not exceeding 3½ per cent per month.'' Below the signature is the statement, in larger type on the margin of the note: ''This note is secured by *wage assignment.*''

Exhibit 2 is the assignment sued upon. It is on a printed form (filled in by typewriting), is headed on its face ''Assignment of Wages, Salary and Commissions,'' is dated December 20, 1927, and is signed and sealed by ''Edwin J. Hooper.'' It is in part as follows:

''For value received, I hereby sell, assign, transfer and set over to L. M. Snite, doing business as Local Loan Co. (not inc.), Chicago, hereinafter described as the assignee, fifty (50) per cent of all salary and wages and one hundred (100) per cent of all commissions and other moneys earned or to be earned by me within ten years from date hereof in the employ of New York Central Railroad, their successors, heirs or assigns, or any other firm, person, company, or corporation by whom I may hereafter be employed, or who may owe me money for any consideration whatsoever.

'' . . . I authorize and direct my said employers to pay said salary, wages, commissions and other moneys to the said assignee. I constitute the said assignee, my attorneys to take all legal proceedings which may be proper or necessary for the recovery of the salary, wages, commissions and other moneys hereby assigned and to receive and receipt for the same, or any part thereof, in my name, . . .

''This assignment is executed and delivered as security for a loan of $120, which is the actual amount

of the loan made to me this day by the assignee becoming due in monthly instalments of $10 each, payable on the 20th day of each and every month after date hereof, with interest thereon at the rate of 3½ per cent per month.''

On the reverse side of the instrument is an ''affidavit'' and a ''notice to employer.'' In the affidavit, signed and sworn to by one Kearns on March 14, 1928, the affiant says that he is ''the agent of the assignee named in the assignment of which a copy is contained upon the reverse side hereof''; that the copy is a true copy ''of an assignment of wages, salary and commissions and other moneys, made and delivered to L. M. Snite, . . . by Edwin J. Hooper in your employ as steward at 33 Root street''; and that ''there is now due and unpaid on the loan secured by said assignment the sum of $100 of principal, with interest thereon at the rate of 3½ per cent per month from February 20, 1928.'' Immediately below is the notice, signed in plaintiff's name by said Kearns as his agent and addressed to the defendant railroad company at Chicago. It is as follows: ''Please take notice of the above named assignment and hold all moneys now or hereafter in your hands, which would otherwise be payable to said Edwin J. Hooper, subject to my order.''

The above was all the evidence introduced by plaintiff. Defendant's motion for a finding in its favor was denied by the court. Thereupon defendant introduced in evidence the copy of said ''assignment,'' ''affidavit'' and the ''notice to employer'' which it received on March 14, 1928. They are practically the same as those introduced by plaintiff, with the exception that the ''affidavit'' and ''notice to employer'' are signed by one White (instead of Kearns) as agent for plaintiff. No further evidence was introduced by either party. Defendant's renewed motion for a finding in its favor was denied and thereupon the court entered the finding and judgment against defendant as first

above mentioned. In the bill of exceptions is the certificate of the trial judge that rule 22 of the municipal court was in force at the time of the trial of the cause. Said rule provides that section 18 (as well as certain other sections) of the Practice Act "shall be held to apply to and govern all civil proceedings . . . in the Municipal Court as far as the same may be applicable," etc.

After reviewing the present transcript we are of the opinion that the finding is not sufficiently sustained by the evidence and that the judgment cannot stand. The suit is based upon the act of 1917, above referred to, concerning the "Regulation of Business of Making Loans," and plaintiff introduced no evidence whatsoever showing a compliance by him with section 1 of that Act. It does not appear that he was licensed under the act when he made the loan to Hooper, or at any other time. As stated in the section, unless he had a license, the making of the particular loan was "unlawful."

Furthermore, it appears that the loan was secured by the "wage assignment" introduced in evidence, and plaintiff brought suit in his own name, as assignee named in that assignment, under the provisions of section 18 of the Practice Act. In that section it is provided that "in all cases . . . in which the chose in action so assigned consists of *wages* due or to become due to the assignor thereof from the defendant in such action, at least *five days' written notice* of the pendency of such suit shall be *served* upon the assignor of such cause in action, before the trial of the same; and upon application of the assignor of such chose in action the court shall allow said assignor to interplead," etc. We regard a compliance with this provision by the assignee of a chose in action as a condition precedent to his right to *maintain* on the trial his suit against a defendant, who may be indebted to the assignor for wages. We think that the

statute should be construed as meaning that the five days' written notice be served on the assignor *personally*. In 21 Am. & Eng. Encyc. Law, 2nd Ed., p. 583, it is said: "Where a statute requires the giving of notice and there is nothing in the context of the law or in the circumstances of the case to show that any other notice was intended, personal notice must always be given." (See 29 Cyc. p. 1119; *Chicago & Alton R. Co. v. Smith*, 78 Ill. 96, 98; *Haj v. American Bottle Co.*, 261 Ill. 362, 364–5; *First Nat. Bank v. Farmer's Bank of Gays*, 219 Ill. App. 624, 629.) And it has been held that said section 18 of the Practice Act, being in derogation of the common law, should be strictly construed (*Fingado v. Wilson Braiding & Embroidering Co.*, 205 Ill. App. 267, 269; *Madison & Kedzie State Bank v. Old Reliable Motor Truck Co.*, 236 Ill. App. 442, 444); and that a person cannot recover as the assignee of a contract, in an action not brought in the name of the assignor, where he does not bring himself within said section 18. (*Edwards & Bradford Lumber Co. v. Bontjes*, 193 Ill. App. 392, 395.) While it appears that Hooper (the assignor) died about nine months before the present suit was commenced and that plaintiff must have known of such death prior to such commencement, yet it also appears that plaintiff commenced the suit against defendant, under section 18 of the Practice Act, and, on the eve of the trial, attempted a compliance with the provisions of the statute (as to notice to the assignor) by *mailing* a notice to Hooper, who was not then living.

Our conclusion is, under the uncontradicted evidence, that plaintiff was not entitled to maintain the action under section 18 of the Practice Act or to recover any judgment against defendant, as a matter of law. Accordingly, the judgment is reversed.

*Reversed.*