## Owen J. Aldrich v. Andrew C. Housh.

1.   Judgments—*Against Deceased Persons Not Void as to Co-defendants.*—A judgment by confession against two persons, one of whom was dead at the time the judgment was entered, is not void as to the living defendant, but merely voidable, and can not be attacked collaterally.

**Replevin**, against a sheriff.   Error to the Circuit Court of Knox County; the Hon. Hiram Bigelow, Judge, presiding.   Heard in this court at the May term, 1897.   Reversed and remanded.   Opinion filed September 20, 1897.

Roy M. Marsh and R. D. Robinson, attorneys for plaintiff in error.

A judgment entered in vacation, by confession, will not be set aside on the sole ground that no affidavit was filed showing that defendant was alive and debt due.   The party applying must show equitable reason therefor in addition. Rising v. Brainard, 36 Ill. 79; Farwell, Imp., etc., v. Meyer, 36 Ill. 510; Ball v. Miller, 38 Ill. 110; Stuhl v. Shipp, 44 Ill.

133; Gardner v. Bunn et al., 132 Ill. 403; Munford v. Tolman, 157 Ill. 265.

The proper papers to file to authorize the confession of a judgment are, a declaration, a warrant of attorney, with an affidavit of its execution, and a plea of confession; and when these papers are filed the clerk should enter judgment.

The defendant's remedy is to apply to the court when in session to have the order vacated. Roundy, Assignee, v. Hunt, 24 Ill. 598; Gardner v. Bunn et al., 132 Ill. 409; Stein, Block & Co. v. Good, 16 Ill. App. 521.

A third person has no right to object to a judgment by confession on the ground that it was confessed without any authority from the judgment debtor to do so; but the right to interpose any such objection belongs alone to such debtor. Farwell et al. v. Huston, 151 Ill. 239; Claflin et al. v. Dunne, 129 Ill. 247.

A judgment against a deceased person, when jurisdiction has once been acquired, is not void but voidable, and can not be attacked collaterally. Claflin et al. v. Dunne, 129 Ill. 247; Danforth v. Danforth, 111 Ill. 244; Freeman on Judgments, Secs. 140 and 153.

In confessing judgment in vacation on a judgment note, failure to file an affidavit of the execution of a power of attorney is jurisdictional and renders the judgment void; but failure to file an affidavit showing maker is alive and debt is due, is not jurisdictional and can only be taken advantage of in the court where the judgment was entered, by motion to vacate. Stein, Block & Co. v. Good, 16 Ill. App. 516, approved in 115 Ill. 93; Gardner v. Bunn, 132 Ill. 403.

When the jurisdiction to enter judgment is once acquired or shown, no one, except the defendant, can object, and his remedy is by application to vacate the judgment in the court where it was entered. Gardner v. Bunn et al., 132 Ill. 403; Farwell v. Huston, 151 Ill. 239; Stein, Block & Co. v. Good, 16 Ill. App. 516; 115 Ill. 93.

WILLIAMS, LAWRENCE & WELSH, and E. N. WILLIAMS, attorneys for defendant in error.

Any stranger may impeach a void judgment collaterally. It binds no one.   Gardner v. Bunn, 132 Ill. 403 (412), cited by appellant; Martin v. Judd, 60 Ill. 78 (84); Buffum v. Ramsdell, 55 Maine, 252; 92 Am. Dec. 589; Black on Judgments, Sec. 170, lines 6 and 7 on page 195; Am. & Eng. Cycl. of Law, Vol. 28, 474, under head of "Void and Voidable."

Power to act in another's name can not survive him.

" A conveyance in the name of a person who was dead at the time, would be a manifest absurdity."   *   *   *   " For the attorney is in the place of the principal, capable of doing that alone which the principal might do."   Hunt v. Rousmanier, 8 Wheaton, 174.

That a judgment based on the appearance of a dead woman in court—in person or by an attorney under her warrant—is without jurisdiction and void is conceded in Danforth v. Danforth, 111 Ill. 236; Claflin v. Dunne, 129 Ill. 241.

A judgment is entire, and if void against one defendant is void against all.   Hanley v. Donoghue, 59 Md. 239, 43 Am. Rep. 554; Hall v. Williams, 6 Pick. 232, 17 Am. Dec. 356, 357; Holbrook v. Murray, 5 Wendell, 161; Hulme v. Janes, 6 Texas, 242, 55 Am. Dec. 774; Buffum v. Ramsdell, 55 Me. 252, 92 Am. Dec. 589.

And by analogy.   McDonald v. Wilkie, 13 Ill. 22; Brockman v. McDonald, 16 Ill. 112; Smith v. Byrd, 2 Gilm. 412; Williams v. Chalfant, 82 Ill. 218; Claflin v. Dunne, 129 Ill. 241 (248).

Mr. Justice Wright delivered the opinion of the Court.

Plaintiff in error, being the sheriff of Knox county, by virtue of an execution issued out of the Circuit Court of Warren County upon a judgment in said court entered in vacation by confession for $1,500 and $4.80 costs, in favor of C. Aultman & Co., against C. W. Barbero and J. J. Barbero, levied upon personal estate, as the property of J. J. Barbero, defendant in said execution, in Knox county.   Defendant in error claiming the property as his own, replevied it from the sheriff. . Several pleas and replications thereto were

filed, but before the final judgment, all the pleas except the fourth plea, and all replications except the additional replication to the fourth plea were withdrawn, and the demurrer to such replication having been by the court overruled, and the plaintiff in error electing to stand by such demurrer, final judgment was entered in favor of the defendant in error for the property in controversy, one cent damage and for costs, to reverse which this writ of error is prosecuted.

The fourth plea pleaded by the defendant below is as follows:

"4th.　And for a further plea in this behalf the defendant says that the plaintiff ought not to have his aforesaid action against him, the defendant, because, he says, that C. Aultman & Co., a corporation doing business under the general laws of the State of Ohio, before the said time when, etc., to wit, on the 11th day of June, 1895, sued out of the Circuit Court of Warren County a certain writ of *fieri facias* of that date, against C. W. Barbero and J. J. Barbero, directed to the sheriff of this (Knox) county, by which said writ the people of the State of Illinois commanded such sheriff, that of the goods and chattels, lands and tenements, in his county, of the said C. W. Barbero and J. J. Barbero, he should cause to be made the sum of $1,500.08 damages, and the sum of $4.80 costs of suit, which, by the consideration of the said court, on, etc., the said C. Aultman & Co. recovered against the said C. W. Barbero and J. J. Barbero, together with interest thereon at the rate of five per cent per annum from the time of recovering the same as aforesaid and also the accruing costs of said judgment, and that such sheriff should have the said moneys ready to render to the said C. Aultman & Co., according to law, and should make return of said writ in ninety days after the said date thereof; which said writ was thereupon, on the said day of the date thereof, there delivered to the defendant, who then and from thenceforth, until and at and after the said time, etc., was sheriff of Knox county aforesaid, to be executed in due form of law; by virtue of said writ, the defendant, as such sheriff as aforesaid, afterward, and before the return day

of the said writ, to wit, on the same day in the said declaration mentioned, being the said time when, etc., and the said writ being then in full force and unsatisfied, there took the said goods and chattels, in the said declaration mentioned, and detained the same in execution of the said writ; which are the same taking and detention in the said declaration above supposed, etc.; and the defendant further says, that the said goods and chattels in the said declaration mentioned, at the said time when, etc., were the property of the said J. J. Barbero, and not of the plaintiff, as by the said declaration is above supposed, and were subject to execution, to wit, in the county aforesaid, and this the defendant is ready to verify; wherefore he prays judgment, etc."

The replication thereto is as follows :

" And the plaintiff, for additional replication to defendant's fourth plea, saith *precludi non*, etc., because he says the alleged judgment upon which the execution issued, in said fourth plea mentioned, was entered by the circuit clerk in vacation, under a power of attorney, signed and executed by Calista W. Barbero and John J. Barbero, and not otherwise, and at and before the entry of said judgment, said Calista W. Barbero had on, viz., February 1, 1894, departed this life (died), wherefore the plaintiff says that such alleged judgment was and is absolutely void, wherefore the plaintiff prays judgment, etc."

It will be observed the replication does not deny the property was that of J. J. Barbero, as it is alleged in the plea. The error assigned upon the record, to be considered here, is that the court erred in overruling defendant's demurrer to replication of plaintiff, to the fourth (amended) plea of defendant. By the pleadings and the briefs and arguments of the counsel, the only question presented in this court for adjudication is, whether, by the confession of the judgment against Calista W. Barbero and J. J. Barbero jointly, at the same time the former being dead, renders the judgment against the latter void, to the extent of permitting a stranger, as the defendant in error, to attack it collaterally. No decision, either in Supreme or Appellate

Courts in this State, has been cited by any counsel in the case that we consider directly in point on this question, and we therefore shall reach our conclusion from analogies, and from our own conception of the justice of the case.

If the judgment was against Calista W. Barbero alone, no difficulty would be encountered, for all would admit the judgment void for the want of the jurisdiction of the court to render it, she having died before the application was made for the same. But the judgment being both against the dead and the living defendants it is necessary to consider its effect against the latter. The weight of all the authorities is that such judgment is erroneous, and on error or appeal by the living defendant, or the legal representatives of the dead, or even by application to the court in which the same was confessed, it would be reversed or set aside, for if erroneous as to one it is erroneous as to all. Claflin v. Dunne, 129 Ill. 247, and cases there cited. But it by no means follows, we apprehend, that because the judgment would be reversed on application of one of the parties to it, or by the legal representatives of the deceased party, that therefore it is so far void as to the living defendant that any stranger may attack it collaterally, when invoked against the living party. In Danforth v. Danforth, 111 Ill. 240, it would seem this reservation was in the mind of the court when it used this expression: "When the sole defendant is dead when the suit or writ of error is brought, it may be true that a judgment against the deceased defendant is a nullity, for the reason that the court never acquired jurisdiction of the cause." All authorities agree, the reason a judgment is void against a party who was dead when suit began, is that the court never acquired jurisdiction. The weight of authority, however, where such party dies after suit commenced is, as held in Claflin v. Dunne, *supra:* "As said before, there are authorities holding that a judgment rendered against a deceased person is void, but we think the weight of authority, and the reason of the rule is, that such judgment is not void, but voidable." And that it can not be attacked collaterally, but could be reversed.

It is therefore indisputable that the void condition of a judgment against a deceased person is because the court at no time in the history of the proceedings acquired jurisdiction of the cause to render any judgment. Does the judgment in the case presented represent such a condition? We think not. The judgment, so far as it is material to the present proceedings, is against John J. Barbero, and there can be no question the court had jurisdiction of the cause so far as it affected him. His co-defendant was dead, it is true, but this to him was, at most, but an irregularity. It could be corrected on error or by application to the same court, and when done judgment would still abide against him personally, upon which, execution, with no other effect than the present one, would issue against him, thereby demonstrating the usefulness of the rule preventing strangers to the record from attacking a judgment collaterally for reasons that in no wise concern them.

We are therefore of the opinion the judgment as rendered was not void, but voidable only on the application of John J. Barbero, or the legal representatives of Calista W. Barbero; and the defendant in error, being a stranger to the same, could not attack it collaterally, as he was by the court allowed to do. It was error to overrule the demurrer to the replication and enter judgment thereon, and the said judgment of the Circuit Court will be reversed and the cause remanded.