(No. 15995.—Reversed and remanded.)

VINCENT G. GALLAGHER, Appellee, *vs.* EMIL G. SCHMIDT *et al.*—(THE CHICAGO AND WEST TOWNS RAILWAY COMPANY, Appellant.)

*Opinion filed June 17, 1924.*

1. PRACTICE—*when the affidavit of assignee suing for chose in action is not sufficient under section 18 of Practice act.* The affidavit of the assignee of a chose in action suing in debt in his own name under section 18 of the Practice act, in a court where pleading is required, must state how and when the assignee acquired title, and the mere statement that the assignee is the plaintiff and that the amount sued for is due him is not a verification of any statement in the declaration concerning the assignment or *bona fide* ownership of the chose in action.

2. SAME—*section 18 of Practice act does not apply to assignment of judgment for purpose of collection, only.* Section 18 of the Practice act, authorizing the assignee of a chose in action to sue in his own name, requires the assignee to aver on oath that he is both the equitable and *bona fide* owner of the chose in action; and said section does not apply to the assignment of a judgment which purports to be an assignment for purpose of collection, only, with power of attorney.

3. SAME—*common law pleading applies to the superior court of Cook county.* Section 40 of the Municipal Court act has no application to proceedings in the superior court of Cook county, but the common law rules of pleading apply to proceedings in that court.

4. SAME—*section 18 of Practice act, as to pleading, applies to actions in debt in superior court.* The provision of section 18 of the Practice act requiring the assignee of a chose in action to plead on oath in courts where pleading is required, applies to actions in debt in the superior court of Cook county.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HARRY A. LEWIS, Judge, presiding.

WILLARD M. MCEWEN, for appellant.

EDWARD M. WINSTON, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellee, Gallagher, brought an action of debt on an appeal bond against Emil G. Schmidt as receiver of the Suburban Railroad Company, a corporation, as principal, and the Chicago and West Towns Railway Company, a corporation, as surety. Service was had on the surety. To the declaration of appellee the Chicago and West Towns Railway Company filed nine pleas, to which plaintiff interposed a demurrer, which was sustained. The railway company moved that the demurrer be carried back to the declaration. This was done without objection on the part of appellee, and on argument on the demurrer to the declaration the same was overruled. The railway company thereupon elected to stand by its pleas, and judgment for $35,000 in debt, to be discharged upon the payment of damages for $35,000, was entered. A motion in arrest of judgment was made and overruled. The Chicago and West Towns Railway Company appealed from this judgment to the Appellate Court for the First District, where the judgment was affirmed, and a certificate of importance was granted, by which the cause comes here on appeal.

The declaration consists of one count in debt. It sets up the appeal bond *in hæc verba,* and alleges that it was to secure a judgment upon a verdict which had been originally $30,000 and which with interest amounted to $31,341.52; that the judgment had been secured against the receiver of the Suburban Railroad Company in the superior court by Michael Filicetti; that upon appeal to the Appellate Court the bond in question in this case was executed by Schmidt, as receiver for the Suburban Railroad Company, as principal, and the Chicago and West Towns Railway Company as surety; that thereafter the judgment in favor of Filicetti was affirmed and a petition for *certiorari* in this court was denied, thus making the judgment absolute. The declaration then sets out that on February 14, 1922, Filicetti, as

owner of the judgment and obligee in the appeal bond, executed an assignment in words and figures as follows:

"*Know all men by these presents,* That whereas Vincent G. Gallagher, esquire, attorney at law, since November 4, 1910, when he became my attorney in the above entitled suit, has rendered me services in connection with the preparation and trial on two occasions of my said suit in the superior court of Cook county and represented me in all matters connected with the appeal from and writ of error sued out of the Appellate Court of Illinois, First District, to reverse said judgment, and is to represent me in said matter until it is disposed of; and therefore, in consideration of the premises, one dollar to me in hand paid and other good and valuable considerations, the receipt whereof is hereby acknowledged, I hereby sell, assign, transfer and set over unto said Vincent G. Gallagher and his heirs and assigns, said judgment recovered by me in the above entitled suit in the superior court of Cook county on the first day of March, 1919, against the above defendant, Emil G. Schmidt, as receiver; and I hereby authorize said Vincent G. Gallagher, as my attorney, agent and attorney in fact, in my name, place and stead, to receive, collect and receipt for the amount due me upon said judgment and to satisfy the same on the judgment docket of said superior court of Cook county and said Appellate Court in my name, place and stead, and to issue in my name, place and stead any releases, acquittances, satisfaction pieces, etc., desired or requested by the defendant.

"In witness whereof I have hereunto affixed my hand and seal this 14th day of February, 1922, and the said Vincent G. Gallagher , has accepted the terms and conditions of this assignment by his endorsement below hereon to duplicate copies.

MICHAEL FILICETTI,<br>VINCENT G. GALLAGHER."

The declaration charges that by reason of the assignment the judgment was sold, assigned, transferred and set over to plaintiff, (appellee here,) and plaintiff was appointed to collect the aforesaid judgment and all costs and interest thereon; that on April 25, 1922, Filicetti also assigned and set over unto Gallagher all right, title and interest in and to the appeal bond, and directed, authorized and requested Gallagher "to take all steps to collect the amount due under and by virtue of said bond and to institute suit thereon in any court of competent jurisdiction to recover the penalty and any and all damages due me under said bond, in his

name or my name, as he may elect, hereby ratifying and confirming all that he may do in the premises." The declaration further alleges that the receiver of the Suburban Railroad Company has not paid the amount of the judgment or interest thereon, to the damage of the plaintiff in the sum of $35,000. To this declaration was attached the following affidavit: "Vincent G. Gallagher, being first duly sworn, on oath deposes and says that he is the plaintiff in the above entitled suit; that said suit is brought to recover the amount of penalty and damages upon the certain appeal bond referred to in said declaration, and that there is now justly due and owing to him on said bond, after allowing to the defendants all their just credits, deductions and set-offs, the sum of $35,010.08."

Appellant contends that the court erred in sustaining the demurrer to the nine pleas filed by it and in overruling the demurrer to the appellee's declaration, for the reason that neither the averments of the declaration nor the affidavit of claim is sufficient to comply with section 18 of the Practice act, relating to the assignment of choses in action. That section, so far as it relates to this question, is as follows: "The assignee and equitable and *bona fide* owner of any chose in action not negotiable, heretofore, or hereafter assigned, may sue thereon in his own name, and he shall in his pleading on oath, or by his affidavit, where pleading is not required, allege that he is the actual *bona fide* owner thereof, and set forth how and when he acquired title." (Smith's Stat. 1923, p. 1583.)

We will consider first the error assigned on overruling the demurrer to the declaration. The application of section 18 of the Practice act of 1907 was considered by this court in *Allis-Chalmers Manf. Co.* v. *City of Chicago,* 297 Ill. 444. In that case attention was called to the fact that prior to the passage of that section of the Practice act no cause of action existed in favor of the assignee of a chose in action. It was there said: "A declaration in a suit by

an assignee of a chose in action does not state a cause of action in favor of the plaintiff unless it contains the allegations required by section 18, showing the assignment of the chose in action, the actual ownership thereof by him, and setting forth how and when he acquired title. A declaration which fails to allege a fact without whose existence the plaintiff is not entitled to recover does not state a cause of action.—*Walters* v. *City of Ottawa,* 240 Ill. 259; *Prouty* v. *City of Chicago,* 250 id. 222."

A declaration, to be sufficient to meet the requirements of section 18, must state on the plaintiff's oath, in all cases where pleading is required, that he is the equitable and *bona fide* owner thereof, and must set forth, on oath, how he acquired the title. An examination of the affidavit of claim in this case discloses that it is not a verification of the allegations of the declaration as to the assignment, nor of the fact of ownership of the chose in action in Gallagher, nor how he acquired the same. The affidavit filed states that the suit is brought to recover the amount of the penalty and damages upon the appeal bond referred to in the declaration, and that there is now justly due and owing to plaintiff the sum of, $35,010.08. This does not amount to a verification of the statement of the declaration concerning the assignment or *bona fide* ownership of the chose in action, nor is it a verification of how Gallagher acquired title. The declaration was therefore demurrable on that ground.

Furthermore, while the assignment of the bond appears to have authorized Gallagher to sue thereon in his own name, the assignment of the judgment recites that it is made in consideration of services rendered to Filicetti, and the further consideration that Gallagher "is to represent me in said matter until it is disposed of." The words of assignment are followed by this language: "I hereby authorize said Vincent G. Gallagher, as my attorney, agent and attorney in fact, in my name, place and stead, to re-

ceive, collect and receipt for the amount due me upon said judgment and to satisfy the same on the judgment docket of said superior court of Cook county and said Appellate Court in my name, place and stead, and to issue in my name, place and stead any releases, acquittances, satisfaction pieces, etc., desired or requested by the defendant." Section 18 provides that the assignee of a chose in action who is permitted to sue in his own name must aver on oath that he is both the equitable and *bona fide* owner of such chose in action. The language of this instrument does not purport to be an assignment of all right, title and interest in the judgment and does not tend to show *bona fide* ownership in Gallagher, but rather purports to be an assignment for purposes of collection, with power of attorney.

Appellee urges that under section 40 of the Municipal Court act fourth-class claims do not require formal pleading, and that since section 18 provides that in cases where pleadings are not required an affidavit of the plaintiff is sufficient, the affidavit of claim here meets the requirements. This action was brought in the superior court of Cook county, and common law rules of pleading apply in proceedings in that court. That portion of section 18 of the Practice act requiring the pleading upon oath applies, therefore, to actions of this character in the superior court. Section 40 of the Municipal Court act has no application to proceedings in the superior court. The declaration, therefore, was bad on demurrer and the superior court erred in overruling the demurrer and motion in arrest of judgment.

The declaration being open to general demurrer for the reasons here indicated, it does not become necessary to pass upon the question whether the court erred in sustaining the demurrer to the pleas, as the declaration, by reason of its failure to show such a *bona fide* ownership of the judgment by the plaintiff as required by the statute, did not state a cause of action.

The judgments of the Appellate Court and the superior court are reversed and the cause remanded to the superior court, with directions to sustain the demurrer to the declaration.

*Reversed and remanded, with directions.*