**Madison & Kedzie State Bank, Defendant in Error, v. Old Reliable Motor Truck Company, Plaintiff in Error.**

### Gen. No. 29,427.

1. ASSIGNMENTS—*construction of statute permitting assignment of claims.* Section 18 of chapter 110 of Cahill's Statutes relating to the assignment of claims is in derogation of the common law and must be strictly construed so that debtors may be protected from the possibility of subsequent suits upon the same claims.

2. ASSIGNMENTS—*insufficiency of averment under videlicet of time of assignment of claims.* In an action upon claims brought by an assignee under section 18 of chapter 110 of Cahill's Statutes an averment under a videlicet of the times at which the assignments were made is insufficient.

3. MUNICIPAL COURTS—*sufficiency of averment of plaintiff's ownership of assigned claims in suit.* In an action upon assigned claims under section 18 of chapter 110 of Cahill's Statutes a judgment cannot be sustained where the affidavit does not cover the averment in the statement of claim that plaintiff is the actual bona fide owner of the accounts and the statement does not specifically set forth how and when plaintiff's title was acquired.

4. PROCESS—*sufficiency of return of service upon agent of defendant.* A return by the bailiff on a summons issued out of the municipal court of Chicago against a corporation that he served the same upon a certain person as agent of defendant, its president, etc., "not found in the City of Chicago," was sufficient, it

being unnecessary to allege that such officers could not be found in the county.

5. APPEAL AND ERROR—*implication of jurisdictional place of residence from recitals of summons and return thereof.* Residence of a defendant in the City of Chicago may be implied from issuance of the summons to the bailiff of the municipal court and his return that defendant's agent was found in the City of Chicago.

Error by defendant to the Municipal Court of Chicago; the Hon. PHILIP J. FINNEGAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Reversed and remanded. Opinion filed April 13, 1925. Rehearing denied April 27, 1925.

FRANK A. RAMSEY, for plaintiff in error; ERNEST SAUNDERS, of counsel.

ISAAC B. LIPSON, for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

By this writ of error, the defendant below seeks to reverse a judgment against him and in favor of the plaintiff in the sum of $706.32. The judgment was entered on March 24, 1924, in default of an appearance by the defendant and upon plaintiff's affidavit of claim.

The plaintiff sued as the alleged assignee of two certain accounts owned by the Union Drop Forge Company, concerning which the statement of claim alleged that "on or about June 23, 1923, and August 9, 1923, said Union Drop Forge Company assigned to plaintiff the above described accounts for and in consideration of sums of money advanced thereon, of which assignments and each of them, due and proper notice was given defendant; wherefore plaintiff then and there became and now is the actual and bona fide owner of said accounts and each of them."

The affidavit of claim was made by one Golde who stated "that he is agent of plaintiff in above cause,

444    APPELLATE COURTS OF ILLINOIS.

Madison & Kedzie S. Bk. v. Old R. M. T. Co., 236 Ill. App. 442.

that he has knowledge of facts; that said cause is upon contract for payment of money; that the nature of plaintiff's demand is as stated; and that there is due to plaintiff from defendant after allowing defendant all credits, etc., $706.32.''

These claims were only assignable by reason of section 18 of chapter 110 of the statutes [Cahill's St. ch. 110, ¶ 18], and it is urged here by the defendant that the averments of the statement of claim and of the affidavit are wholly insufficient. The statute relating to such assignments is in derogation of the common law and must be strictly construed to the end that debtors may be protected from the possibility of subsequent suits upon the same claims.

It will be noticed that the respective times at which these alleged assignments were made are laid under a videlicet, and an averment made in this manner has been specifically held insufficient in *Steele-Wedeles Co. v. Shoodoc Pond Packing Co.*, 153 Ill. App. 576.

The statute in part provides that the assignee shall, in his pleading on oath or by his affidavit where pleading is not required, allege that he is the actual bona fide owner thereof and set forth how and when he acquired title.

The *statement* alleges that ''plaintiff then and there became and now is the actual and bona fide owner of said accounts and each of them,'' but this provision is not covered *by the affidavit* as is required by the statute, nor does the statement set forth specifically how and when plaintiff's title was acquired. Plaintiff cites *Illinois Flower Box Co. v. Dunn*, 210 Ill. App. 113, and *McClunn v. Gillespie*, 227 Ill. App. 400, as sustaining the sufficiency of the statement, but, in view of the holdings of the Supreme Court in *Allis-Chalmers Mfg. Co. v. City of Chicago*, 297 Ill. 444, and *Gallagher v. Schmidt*, 313 Ill. 40, the language used in these cases cannot be considered as controlling. Under a strict construction of the statute, we

think the judgment must be reversed for the reasons indicated.

Plaintiff in error, however, further contends that the service of summons was insufficient to confer jurisdiction on the municipal court. It will be noted that this question is raised for the first time in this court, there being no objection by motion or otherwise in the trial court to the sufficiency of the service.

The defendant was sued as a corporation and the return upon the summons was as follows: "Served this writ on the within-named Old Reliable Motor Truck Co., Corporation, by delivering a copy thereof with a præcipe and statement of claim and affidavit attached thereto to Miss J. Kort, Agt. of said corporation, and at the same time informing her of the contents thereof. In the City of Chicago, this 13th day of March, 1924. The president, clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor or any other agent of said corporation not found in the City of Chicago. Dennis J. Egan, Bailiff. By E. D. W. J. Moran, Deputy."

The defendant argues that, as section 42 of the Municipal Court Act, chapter 37 of the Statutes, ¶ 430 [Cahill's], provides that a summons from that court "shall be served upon the defendant by the same method and in the same manner as if the summons had issued out of the Circuit Court," and, since the statute in paragraph 8 of chapter 110 [Cahill's], provides for such service of process from the circuit court upon the president, if he can be found in the county, and if he cannot be found in the county, then upon the designated agents or officers found "in the county"—therefore service on other agents (of a summons issued out of the municipal court) is permissible only in case the president cannot be found in the county and return that the president was not found in the City of Chicago is insufficient.

446    Appellate Courts of Illinois.

Madison & Kedzie S. Bk. v. Old R. M. T. Co., 236 Ill. App. 442.

We are not impressed with this contention. The jurisdiction of the municipal court is ordinarily limited to cases where the defendant resides in or may be found in the City of Chicago. Section 42 of the Municipal Court Act directs only as to the "method" and "manner" of service. It does not prescribe the place of service which presumably must be within the jurisdiction of the court. Defendant cites *Michigan State Ins. Co. v. Abens*, 3 Ill. App. 488, where it was held (in a case where a summons was issued from the city court of Aurora) a return that it had been served on certain persons "as agents for said company, the president not found in the City of Aurora" was defective.

Upon the authority of *Illinois & M. Tel. Co. v. Kennedy*, 24 Ill. 319, the phrase "as agents" rendered this service defective irrespective of any other matter.

It is true, however, that the court there further expressed the opinion that the return was objectionable in that it might have been implied therefrom that the defendant could have been found in Kane county. That case is, however, we think, clearly distinguishable from this one. There the summons was directed to the sheriff of the county as provided by the statute. Here it issued to the bailiff, whose official powers are by statute limited ordinarily to the City of Chicago.

Somewhat inconsistently, we think, it is argued further by defendant that the municipal court was without jurisdiction for the reason that the record fails to show that the defendant is a resident of the City of Chicago. The fact of such residence, however, is implied from the issuance of the summons to the bailiff of the municipal court, and his return thereon, that the defendant's agent was found in the City of Chicago. In an analogous case, *Honore v. Home Nat. Bank of Chicago*, 80 Ill. 489, the Supreme Court held that the issuing of a summons to the sheriff of Cook

county and the sheriff's return that the defendant was served in that county was a showing from which the fact of residence of the defendant within the county might be implied. In the absence of objection in the trial court to its jurisdiction, we think the service was sufficient, but for the error already indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

McSURELY, P. J., and JOHNSTON, J., concur.