SAULPAUGH *v.* BORN ET AL.

*Vacating judgments—Joint judgment on cognovit note after death of joint maker—Judgment against other joint defendant may be vacated, when.*

Where a joint judgment is rendered on a joint obligation in pursuance of a joint confession authorized by a joint warrant of attorney, and the court in a proper proceeding under the statute finds that such judgment was not authorized against one of the defendants, because of the death of such defendant, and for that reason enters a vacation of the judgment as to such defendant, it may subsequently enter a vacation as to the other joint defendant, although such ground of vacation was not set forth in the subsequent application, all the facts in reference thereto being shown, however, by the pleadings and transcript in the case.

(Decided April 22, 1925.)

ERROR: Court of Appeals for Medina county.

*Mr. Francis J. Cook,* for plaintiff in error.
*Mr. J. W. Seymour,* for defendants in error.

WASHBURN, J.  On May 18, 1921, Jacob Born

and Mary Born signed a note wherein they jointly promised to pay to the order of J. M. Geisinger a certain amount of money, with interest at 6 per cent. Said note contained a warrant to confess judgment, which they signed by signing the note; the warrant of attorney reading in part as follows:

"And we hereby authorize any attorney at law to appear in any court of record in the United States after the above obligation becomes due, and waive the issuing and service of process and confess a judgment against us, or either of us, in favor of the holder of this note, for the amount then appearing due."

The note was indorsed on the back, "Without recourse, J. M. Geisinger."

On March 21, 1924, Louis E. Saulpaugh filed a petition in the common pleas court of Medina county against said Jacob Born and Mary Born, in which plaintiff alleged that there was a certain amount due to him from "defendants" on said note, a copy of which, with all credits and indorsements thereon, and containing said warrant of attorney, was attached as an exhibit and made a part of the petition, and the plaintiff prayed judgment against "said defendants" for the sum claimed due.

On the same day there was filed in the action an answer, signed by an attorney, in which the attorney, "by virtue of the warrant of attorney annexed to and mentioned in the foregoing petition," entered an appearance for "said defendants," waived the issuance and service of process, and confessed "a judgment in favor of said plaintiff against said defendants on said note" for a certain sum, being

the amount appearing due for principal and interest on said note.

Thereupon the common pleas court, finding that "the defendants," by their duly authorized attorney, had waived process, and confessed that they owed the plaintiff a certain amount, entered judgment against "said defendants" in accordance with said answer.

At the time these pleadings were filed and the judgment entered, Mary Born, one of the defendants, was not living; she having been dead for some time.

At a term of court subsequent to the entering of above judgment, on application filed by the executor of Mary Born, the common pleas court made an order that as against Mary Born "said judgment is vacated and proceedings thereunder suspended until further order of the court," and said administrator was granted leave to be made a party defendant and file an answer.

Subsequently, Jacob Born filed in the action a pleading which he denominated "application to vacate judgment, and answer, of Jacob Born," which pleading set forth in substance that he was induced to sign said note by the false and fraudulent representations of J. M. Geisinger, the payee of said note, and that said note was transferred to the plaintiff in the action long after it became due and payable, and that said transfer was not *bona fide,* but was for the purpose of preventing him making a defense thereto, and to defraud him of any lawful rights he might have in the premises.

This pleading contained the prayer that the

judgment be set aside and held for naught, and the lien thereof be suspended until final hearing, and that upon final hearing the action be dismissed, and for all other and further relief that he might be entitled to, which pleading was duly verified by said Jacob Born.

Thereafter there was duly served upon the plaintiff in the action a notice, which apprised him that said Jacob Born had filed his application and answer in said cause in said court, and contained a copy of such application, and notified plaintiff that said application would be for preliminary hearing at a certain time. On said notice was indorsed the following:

"Service of notice accepted this 31st day of July, 1924, Francis J. Cook, attorney for plaintiff."

Thereafter this application came on for hearing, counsel for plaintiff appearing and taking part therein without objection. After the attorney for Jacob Born had introduced and read the application so sworn to and made proof of the service of said notice, the attorney for the plaintiff moved the court to overrule the application, but the court granted the application, and "ordered that said judgment against the said defendant Jacob Born be, and the same is hereby, vacated, but that the order of vacation be suspended pending trial of said cause," and said defendant Jacob Born was given leave to file his answer setting up his defense, to which ruling the plaintiff excepted, and said ruling is before this court on error proceedings prosecuted by the plaintiff.

The court of common pleas, in its opinion rendered upon said application, found that "the so-called application of defendant is a substantial

compliance with the provisions of Section 11637, General Code * * * and that the pleading sets up one or more of the statutory grounds for the vacation of a judgment as provided in Section 11631, General Code,'' and the court specifically found in its judgment that ''the said defendant has valid grounds for the vacation of said judgment.''

We cannot find that the application sets forth, or attempts to set forth, one or more of the statutory grounds for the vacation of a judgment, as provided in Section 11631, General Code. It does set forth facts which, if true, would constitute a good defense to said action, but the fraud alleged therein has reference to the obtaining of the note and not to the obtaining of the judgment, and there was no evidence offered as to any of the statutory grounds for the vacation of a judgment mentioned in Section 11631, General Code.

However, as we construe the law as applied to the facts shown by the pleadings and transcript of docket and journal entries in the case, there was ample ground for the vacation order which was made. It should be remembered that the obligation of the signers of the note was a joint obligation, the confession was a joint confession, the answer was a joint answer, and the judgment was a joint judgment, and, one of the parties being dead when such joint judgment was entered upon such confession, there was good ground for the vacation of the entire judgment, and the judgment as to all of the defendants should have been vacated at the time the order was made vacating the same as against Mary Born; the order of vacation be-

ing suspended in accordance with the requirements of the statute.

One of the grounds upon which the court was authorized to vacate its judgment after term was "the death of one of the parties before the judgment in the action," and that ground is especially applicable to a judgment confessed by authority of a warrant of attorney, at a time when the person giving such power is dead.

Where a joint judgment is rendered on a joint obligation in pursuance of a joint confession authorized by a joint warrant of attorney, and the court in a proper proceeding under the statute finds that said judgment was not authorized against one of the defendants, because of the death of such defendant, and for that reason enters a vacation of the judgment as to such defendant, it may subsequently enter a vacation as to the other joint defendant, although such ground of vacation was not set forth in the subsequent application, all the facts in reference thereto being shown, however, by the pleadings and transcript in the case.

Furthermore, it is settled in this state that a warrant of attorney to confess judgment should be strictly construed. Observing that rule in this case, we find that the obligation of the note was a joint obligation; the warrant of attorney reads: "We hereby authorize any attorney at law to appear in any court * * * and waive the issuing and service of process;" that is, they jointly authorize another to enter their joint, not several, appearance. The death of one of the two signers of that warrant of attorney revoked the power by her granted, and the attorney could not there-

after enter their joint appearance, and, being authorized to enter only a joint appearance, he could enter no appearance.

Where a joint promissory note, signed by two, has a joint warrant of attorney attached thereto, authorizing any attorney at law to appear in any court of record and waive the issuing and service of process, and confess a judgment against "us or either of us," said attorney at law cannot waive the issuance and service of process as to one only, and confess a judgment as to that one; in other words, under the wording of the warrant of attorney as set out in the note sued upon in this case, it is necessary to enter the appearance of each of the makers of said note before an attorney at law has the right to confess a judgment against one or both of the makers thereof, but in this case, as one of the makers of said note was dead at the time of the exercise of said warrant of attorney, said attorney at law was disabled from entering the appearance of the one that was dead, and was thus prevented from entering the appearance of both; the entry of the appearance of both being a condition precedent to a judgment by confession against one or both.

It would seem, therefore, in this case, that a judgment against any of the defendants could not have been properly entered under authority of the joint warrant of attorney after the death of one of the parties signing such warrant of attorney. *Hoffmaster* v. *G. M. McKelvey Co.*, 88 Ohio St., 552, 106 N. E., 1061.

It is further complained that because no evidence was introduced tending to prove that the

facts alleged as a defense were true, the court could not properly adjudge that Jacob Born had a defense to the action. We think it is well settled that no such evidence was necessary. As we understand the statutes, if the court finds that there are good grounds for the vacation, and the proffered verified answer states a good defense, that is, shows a state of facts, which, if true, constitutes a valid defense, the order of suspension is proper. *Bulkley* v. *Greene,* 98 Ohio St., 55, 120 N. E., 216; *Lee* v. *Benedict,* 82 Ohio St., 302, 92 N. E., 492.

*Judgment affirmed.*

PARDEE, P. J., and FUNK, J., concur.