**Sophie Blanke, Appellee, v. L. F. Hammel and Idaline R. Hammel, Appellants.**

**Gen. No. 33,723.**

Opinion filed March 5, 1930.

ISAAC B. LIPSON, for appellants; RANDOLPH THORNTON, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

Plaintiff, Sophie Blanke, filed her suit against the defendants, L. F. Hammel and Idaline R. Hammel, in the municipal court of Chicago. The action was based on a note dated December 24, 1918, signed by the defendants and made payable to the order of the Sheboygan Loan and Trust Company. The note was not indorsed by the payee. The statement of claim filed on behalf of plaintiff contained the following allegation: "Plaintiff further alleges that said note was negotiated and assigned to her by the Sheboygan Loan and Trust Company for a valuable consideration on January 6, 1919, and that she is the actual, equitable and bona fide owner thereof." Attached to the statement of claim was a copy of the note sued on and an affidavit signed by the plaintiff, in which she stated that she was the plaintiff and had knowledge of the facts; that the cause was a suit upon a contract for the pay-

ment of money, and that there was due her after allowing all just credits, the sum of $859.85. This affidavit was subscribed and sworn to before one Clarence Whiffen, as notary public in and for Sheboygan county, Wisconsin. There was no certification under his official seal that he was authorized by law to administer oaths. The defendants moved to strike the statement of claim and affidavit in support thereof, for insufficiency in law. This motion was denied by the court and the defendants electing to abide by the motion to strike, judgment was entered against them as in default for want of a sufficient affidavit of merits and plaintiff's damages assessed at $859.85. From this judgment defendants appeal.

We are not aided in our consideration of this cause by any brief or argument on behalf of the plaintiff.

The note, not having been indorsed, was in the hands of the plaintiff as a chose in action by assignment. It was still a negotiable instrument, but not in the hands of the plaintiff by negotiation. Her rights, if any, were only such by reason of the assignment of the payee or whoever had title to the note. In the hands of the holder, plaintiff in this action, it was not, technically speaking, a negotiable instrument, but a chose in action.

Section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18, provides that any proceeding or suit at law or in equity hereafter brought under or by virtue of the subrogation provision of any contract or by operation of law shall be brought either in the name of, or for the use of the subrogee, in which event, subrogee shall set out by affidavit or pleading that he is the actual bona fide owner and shall state the manner in which he became entitled to bring the action. There is a distinction recognized in law between an assignee and a subrogee. The Supreme Court has interpreted this section of the Practice Act, however, in such a manner

as to cover, in our opinion, all persons holding title by reason of assignment, or otherwise, where the action is brought in the name of one other than the party entitled on the face of the instrument to prosecute such an action.

The Supreme Court of this State in the case of *Gallagher v. Schmidt,* 313 Ill. 40, in its opinion says: " 'A declaration in a suit by an assignee of a chose in action does not state a cause of action in favor of the plaintiff unless it contains the allegations required by section 18, showing the assignment of the chose in action, the actual ownership thereof by him, and setting forth how and when he acquired title. A declaration which fails to allege a fact without whose existence the plaintiff is not entitled to recover does not state a cause of action. *Walters v. City of Ottawa,* 240 Ill. 259; *Prouty v. City of Chicago,* 250 *id.* 222.' " This rule is applicable to actions in the municipal court. *Madison & Kedzie State Bank v. Old Reliable Motor Truck Co.,* 236 Ill. App. 442.

As already stated the action was based upon a chose in action and the plaintiff, under the rule, would be required to set out the facts under which the plaintiff became possessed of the instrument upon which suit is brought. It was not a sufficient allegation to charge that the plaintiff was the actual bona fide owner for value.

Section 6 of the act concerning notaries public, Cahill's St. ch. 101, ¶ 6, provides for the manner in which certifications by notaries residing out of the State shall be received and accepted in this State. There is no certification in this case as required by the statute, that a notary public in Wisconsin is authorized to administer oaths; *Desnoyers Shoe Co. v. First Nat. Bank,* 188 Ill. 312.

There being no such certification by the notary public the acknowledgment is unavailing, and no judgment could be entered.

For the reasons stated in this opinion, the judgment of the municipal court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

RYNER and HOLDOM, JJ., concur.