## State Bank of Prairie du Rocher, Illinois, Appellee, v. George Brown and Magdalena Brown, Appellants.

 

Opinion filed October 30, 1931.

C. B. Morrison and Whitnel & Browning, for appellants.

R. E. Gauen and A. C. Bollinger, for appellee.

Mr. Justice Edwards delivered the opinion of the court.

On July 5, 1928, in the circuit court of Monroe county, a judgment by confession was entered in vacation, in favor of appellee and against appellants and Walter Brown, jointly, in the sum of $405.14 and costs.

On October 2, 1929, appellants filed their motion, which, according to its terms, was to "set aside" such judgment, and for leave to plead. Affidavits were filed in support of same. A supplemental motion was later filed, asking the same relief, together with additional affidavits. Appellants tendered pleas of the general issue, and a verified plea denying the execution of the note sued upon.

The affidavits, in substance, set forth that the note sued upon, as to appellants, was a forgery; that Walter Brown died on July 4, 1928, the day prior to the rendition of the judgment; that administration was had on his estate in the county court of Monroe county; that on October 1, 1929, same, by order of such court, was declared insolvent; that appellee had filed a claim based upon said note, and that the court ordered a dividend of 31 per cent paid on claims of the class to which it belonged, which amount was paid to appellee. That on the following day, or October 2, 1929, they filed their motion aforesaid; and that no execution, based on said judgment, had ever been served upon them.

Appellee filed a counter affidavit averring that about a week after the entry of such judgment, the attorney for appellants, who still appears for them in this court, stated to appellee's attorney that it would not be necessary to issue execution upon the judgment, for the reason that same would be paid. That thereupon said attorneys went to the office of the circuit clerk to request that no execution issue, but being informed by the clerk that execution had been delivered to the sheriff, they together went to the office of the sheriff and requested that the execution be returned unserved, which was accordingly done.

Appellee moved the court to strike the additional affidavits. The court, by its order, struck such affidavits and denied the motion of appellants to set aside the judgment and grant leave to plead, and this appeal is for the purpose of reviewing such order of the trial court.

Appellants contend that Walter Brown being dead at the time the narration and cognovit were filed, the judgment was void as to him for want of jurisdiction, the power of attorney having been revoked by his death; that the judgment, being joint, was an entirety,

and if void as to one defendant, was likewise void as to all.

Appellee insists that the judgment, as to appellants, was voidable; that they, by not filing their motion for nearly 15 months after entry of the judgment, and not excusing the delay, have been guilty of laches, and consequently are not entitled to relief.

If an action is begun against a person already dead, a judgment rendered therein is void, for want of jurisdiction. *Claflin v. Dunne,* 129 Ill. 241, 244. 33 Corpus Juris, page 1107. The fact of death may be shown by any interested party, as no judicial record can be created, which will estop a party in interest from showing that such defendant was dead when the suit was commenced. 15 R. C. L., page 620, sec. 59. The judgment as to Walter Brown was a nullity.

In Illinois, a joint judgment against several defendants, whether rendered in an action upon contract, or in tort, is a unit, and cannot be separated into parts. *Seymour v. Richardson Fueling Co.,* 205 Ill. 77; *Livak v. Chicago & Erie R. Co.,* 299 Ill. 218, 226. If execution issue upon such judgment, it must be against all of the defendants. *Merrifield v. Western Cottage Piano and Organ Co.,* 238 Ill. 526, 531.

In those jurisdictions where a joint judgment against two or more defendants is regarded an entirety, and as such, indivisible, the judgment, if void as to one defendant, is held to be void as to all. *White Oak Coal Co. v. Burns,* 203 Ill. App. 434; *Contakis v. Flavio,* 221 Mass. 259, 108 N. E. 1045; *Holbrook v. Murray,* 5 Wend (N. Y.) 161, 162; *Hanley v. Donoghue,* 43 Am. Rep. (Md.) 554. Hence the judgment, being void as to Walter Brown, was likewise void as to appellants.

Appellee cites *Aldrich v. Housh,* 71 Ill. App. 607, as announcing a contrary rule. It will be found, upon examination of the opinion therein, that the decision

rested upon impressions rather than precedents, as indicated by the statement of the court: ''No decision, either in Supreme or Appellate Courts, in this State, has been cited by any counsel in the case that we consider directly in point on this question, and we shall therefore reach our conclusion from analogies, and from our own conception of the justice of the case.'' This case is apparently at variance with the current of authority on the question.

The judgment, being void, was subject to attack by motion, irrespective of the lapse of time; hence, appellants are not precluded, by laches, from moving to set same aside. *People v. Miller,* 339 Ill. 573, 579.

In our opinion the trial court erred in striking the affidavits of appellants, and denying their motion to set aside the judgment, and for leave to plead.

The order is reversed and the cause remanded.

*Reversed and remanded.*