G. C. Christensen, Appellee, v. Frances Blinstrup et al., Defendants. Appeal of William Klein, Jr. et al., Appellants.

Gen. No. 38,583.

Opinion filed March 2, 1936.

HAROLD O. MULKS, of Chicago, for appellants.

JOHN A. BLOOMINGSTON and HAROLD RIVKIN, both of Chicago, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from an order appointing a receiver in a foreclosure proceeding. The order is inter-

locutory and the appeal should have followed the practice prescribed for appeals from interlocutory orders (Practice Act, ch. 110, ¶ 206, Ill. State Bar Stats. 1935) and Rule 21 of this court, which requires that abstracts and briefs of the appellant shall be filed within seven days after filing the record in this court, and the appellee's brief within the next five days. The case was not docketed in this court as an interlocutory appeal but proceeded as an ordinary appeal; extensions of time were asked for to file a complete record and abstracts and briefs, far beyond the time contemplated by the statute and our rules; the receiver was appointed September 5, 1935, a short record was filed October 5, 1935, the complete record was filed November 6th, appellant's brief filed November 18th, and appellees' brief December 3rd. This was in violation of provisions controlling appeals from interlocutory orders, and for this reason the appeal will be dismissed.

However, we have considered this appeal upon its merits. The complaint was in the ordinary form, seeking a foreclosure of a trust deed and asking for the appointment of a receiver; subsequently, in August, 1935, the attorney for plaintiff presented a petition representing that there were instalments of principal and interest due on the indebtedness to the amount of over $55,000; that the taxes for the year 1928 had not been paid and that the premises had been sold for the nonpayment of the taxes for that year; that the premises had also been forfeited for nonpayment of the general property taxes for the years 1929, 1930 and 1931; that the taxes for 1932, 1933 and 1934 have not been paid; that the premises were in the village of Justice Park, Illinois, about 10 or 15 miles from the Chicago city limits, improved with a two-story building the first floor of which is used as a tavern; that the building is about 25 years old; that the fair market value of the premises does not exceed $25,000. Defendants filed an answer and reference was had to a master

in chancery who reported, recommending the appointment of a receiver; the chancellor overruled exceptions to the report and appointed a receiver of the premises.

Defendants make a number of points in their brief but the argument does not follow the points as made. Objection seems to be made to the verification of the complaint, which was sworn to in the State of California before a notary public, whose seal is attached, and counsel cite *Pfeil v. Loeb,* 255 Ill. App. 484, and *Blanke v. Hammel,* 256 Ill. App. 251, where similar certificates were held insufficient as not showing any authority in the notary to administer oaths. Apparently the statute relating to Evidence was not called to the attention of this court in those cases and was not in the present case. But we find that chap. 51, pars. 57 and 58, provide that we shall take judicial notice of the laws enacted by any State or territory of the United States, and the California law (Political Code of California, 1931, vol. 1, sec. 794) authorizes a notary public to administer oaths.

It is said that the appointment of a receiver upon a mere petition was erroneous, but the complaint as well as the petition asked for the appointment of a receiver. Upon the showing made the court did not abuse its discretion in appointing a receiver. The fact that the premises had been sold for taxes and that the taxes had not been paid for many years, together with the showing of the scant value of the property, was sufficient to justify the appointment.

For the reasons first above stated, namely, that this was an interlocutory appeal, improperly docketed in this court as an appeal from a final order and so treated in the filing of the record, the abstract and briefs, the appeal is ordered dismissed.

*Appeal dismissed.*

MATCHETT and O'CONNOR, JJ., concur.