Mildred R. Duggan, Executrix of Estate of Kate O'Brien, Deceased, Appellant, v. Joseph Kupitz and Frank McCarthy, Appellees.

Gen. No. 9,442.

Opinion filed August 7, 1939.

John V. Clinnin, of Chicago, for appellant.

Charles G. Seidel, of Elgin, for appellee Frank McCarthy; John E. Toomey and James C. O'Brien, Jr., both of Chicago, of counsel.

Mr. Justice Wolfe delivered the opinion of the court.
This case comes to this court on an appeal from an order of the circuit court of Kane county vacating a judgment that has heretofore been entered in said court by confession on a note wherein Kate O'Brien was the

plaintiff and Joseph Kupitz and Frank McCarthy were the defendants. The note is as follows:

"$1000.00                         Hampshire, Ill., May 26,1923

"Two years after date, for value received, we promise to pay to the order of

Kate O'Brien

One Thousand 00/100 Dollars at the State Bank of Hampshire, with interest at 7 per cent. per annum payable semi-annually after date until paid.

"And to secure the payment of said amount I hereby authorize any attorney of any Court of Record, irrevocably, to appear for me in such Court, in term-time or vacation, at any time hereafter, and confess a judgment without a process in favor of the holder of this Note for such amount as may appear to be unpaid thereon, together with the costs and Reasonable dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution of such judgment, hereby ratifying and confirming all that my said attorney may do by virtue hereof.

"Cora M. Kupitz
Joseph C. Kupitz
Frank A. McCarthy.

Postoffice Gilberts, Ill.

No. . . . . . . . . . . . . . ."

It will be observed from an examination of the note that it was signed by three parties, judgment taken against two. .

It was stipulated at the hearing of the case that at the time the judgment was confessed on said note, Cora M. Kupitz, one of the signers of the note was dead. After the judgment was taken, the defendants filed a motion to vacate and set aside the judgment. They alleged that the court was without jurisdiction to enter the purported judgment against Joseph C. Kupitz and Frank A. McCarthy, because the note is the joint undertaking of Cora M. Kupitz, Joseph C. Kupitz and

Frank A. McCarthy, and that the warrant of attorney, in the note upon which judgment was entered by confession, is the joint undertaking of Cora M. Kupitz, Joseph C. Kupitz and Frank A. McCarthy and does not authorize the taking of a several judgment against two of the makers. The motion also stated that Cora M. Kupitz, one of the signers of the note, had died prior to the taking of the judgment and by reason of her death, the warrant of attorney, in said note thereupon, became revoked. The case was set for a hearing and the court found in favor of the defendants and entered an order vacating the judgment and quashed the execution that had been issued. It is from this order that the appeal is prosecuted.

The court, by his order, found that the note and warrant of attorney to confess judgments were the joint obligations of the three signers of the note and a judgment could not be taken against two of the signers. This is the main issue to be decided in the case. No authority has been cited where the note in question is in the precise language as in the present one. There can be no doubt that the note itself is a joint obligation of the three persons. The note is on the printed form, the word ''I'' is stricken out and the word ''We'' written above it. In the power of attorney, the word ''I'' is still in the note and perhaps it was an oversight of the scrivener that it was not stricken out and the word ''We'' inserted. The appellants cite the case of *Farmers Exchange Bank of Elvaston v. Sollars,* 353 Ill. 224, as sustaining their contention that this is a joint and several obligation. An examination of the note and warrant of attorney in that case discloses it is entirely different from the one in question and the court states that from an examination of the note and warrant of attorney, it can easily be seen that it was intended to be a joint and several obligation. Applying the same reasoning to the present case, it can readily be seen that it was the intention of the parties that it

should be the joint obligation, both in the note and warrant of attorney.

In the case of *Barron v. Kimball,* 124 Ill. App. 268, the facts were very similar to the one we are now discussing. The court there held that the lease and warrant of attorney to confess judgment, was a joint obligation and a judgment against one of the signers was void. *Saulpaugh v. Born,* 22 Ohio App. 275, 154 N. E. 166. The case of *Mayer v. Pick,* 192 Ill. 561, is perhaps the leading one on the subject in Illinois. It is there expressly held that a judgment against one signer of a note and warrant of attorney, when the warrant of attorney is joint, is void. It is our conclusion that the note and warrant of attorney in this case are the joint obligation of the three signers of the note and the judgment by confession was void.

The appellant seriously contends that the court was without jurisdiction to hear the motion to vacate this judgment because the appellee did not file an affidavit, and state that they had a meritorious defense to the action, as is usually required to open up a judgment. Where a judgment is entered by confession without jurisdiction of the defendants, it will be considered absolutely void for want of power to confess it. A motion to vacate such a judgment is not addressed to the equitable powers of the court. It is not necessary for the mover to file an affidavit of merits, but he needs only to call attention of the trial court to the lack of jurisdiction to enter the judgment. *Genden v. Bailen,* 275 Ill. App. 382.

The judgment of the trial court should be affirmed.

*Affirmed.*