Ethel Ray, Appellee, v. Arnold B. Moll et al., Defend-
ants.  C. H. Giescking, Appellant.

Term No. 48014.

Opinion filed January 14, 1949. Released for publication March 1, 1949.

RAY STROUD, of Altamont, and TAYLOR & SCHNIEDER-JON, of Effingham, for appellant.

CHARLES WALLACE, of Charleston, and PARKER, BAUER & PARKER, of Effingham, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

Judgment, by confession, was entered by the clerk of the circuit court of Effingham county, Illinois, on June 28, 1941, in vacation, in favor of Ethel Ray (hereinafter referred to as appellee) against the makers of a judgment note made in favor of the First National

Bank of Altamont, Illinois, and signed by Arnold B. Moll, Wm. H. Bauer, Dora Bauer, and C. H. Geiscking. The power of attorney contained in said note provided that the makers, jointly and severally, empowered any attorney of any court of record to appear for them, or either or any of them, in such court in term time or vacation, at any time, and confess a judgment without process against them, or either of them, in favor of the legal holder thereof, for such sum as may appear to be unpaid thereon, and to waive and release all errors which may intervene in such proceeding.

Upon the entry of the judgment, as above, execution was issued thereon on the same day against all of the above-named makers of said note, which was returned unsatisfied on June 30, 1941. Alias execution was issued on January 26, 1948, with the result that property belonging to C. H. Geiscking (hereinafter referred to as appellant) was levied upon and advertised for sale. On March 25, 1948, appellant filed his motion asking that the cause be redocketed and for leave to present and file a motion to declare said judgment void, and to restrain further proceedings under the execution issued in said cause. Leave was granted by the court, as asked, and pursuant to such leave appellant filed his motion to declare said judgment void and to restrain further proceedings under the execution issued in said cause. Appellee, on April 22, 1948, filed her motion and counter affidavit denying appellant was entitled to the relief sought. Upon a hearing of the issues thus raised, the trial court entered an order denying the motion of appellant. From this order the appellant brings the matter to this court, seeking a reversal thereof, alleging among other things, that appellee's complaint does not state a cause of action against the appellant, and that the judgment, so entered by the clerk of the court, as above, is void. We are in accord with this contention.

The promissory note, on which appellee's cause of action is based, was drawn payable to the First National Bank of Altamont, Illinois. The only indorsement appearing on the back of said note is as follows: "We, the trustees of the (Old) First National Bank of Altamont, Illinois, do hereby transfer, assign and set over the within note without recourse either as a committee or as individuals. The trustees of the (Old) Bank, Chas. Blakely, Ben Reiss." Since appellee's judgment was confessed, in vacation, there is no presumption in favor of the regularity of the proceedings pursuant to which judgment was confessed, and all facts must appear in the record. (*Book v. Ewbank*, 311 Ill. App. 312; *People v. Whitehead*, 90 Ill. App. 614, and *Iglehart v. Chicago Marine & Fire Ins. Co.*, 35 Ill. 514.)

Nowhere in her original complaint or affidavit has appellee alleged, or shown, any authority for the indorsement as hereinabove set forth. Even though judgment has been rendered, it entitles her to no presumptions in her favor and, therefore, for the purposes of this decision said indorsement can, and should be, ignored, and the note treated as though there was no indorsement whatsoever thereon.

An order note, unindorsed, in the hands of someone other than the payee, is to be treated as a chose in action received by assignment, and a plaintiff suing on such a note is bound by the provisions of sec. 22 of the Civil Practice Act of 1933 (sec. 18—Civil Practice Act of 1907), and must, therefore, set out the facts showing in what manner he obtained possession and ownership thereof. It is not a sufficient allegation in such a case to allege that the plaintiff is the actual bona fide owner for value (*Blanke v. Hammel*, 256 Ill. App. 251). In the opinion of the court in the case of *Blanke v. Hammel, supra*, there appears the following: "The Supreme Court of this State in the case of

*Gallagher v. Schmidt,* 313 Ill. 40, in its opinion says: 'A declaration in a suit by an assignee of a chose in action does not state a cause of action in favor of the plaintiff unless it contains the allegations required by Section 18 (1933 Civil Practice Act—Section 22), showing the assignment of the chose in action, the actual ownership thereof by him, and setting forth how and when he acquired title. A declaration which fails to allege a fact without whose existence the plaintiff is not entitled to recover does not state a cause of action. *Walters v. City of Ottawa,* 240 Ill. 259; *Prouty v. City of Chicago,* 250 *id.* 222.' "

Appellee, in her original action, alleged no facts tending to show in what manner, when, or from whom she obtained possession, merely stating that she "was the owner and holder of said note." Such allegation is insufficient.

The case at bar is not unlike the case of *Joseph Bros. Lumber Co. v. Wolberg,* 259 Ill. App. 123, where a holder of a note which carried only one indorsement, and that by an attorney in fact, brought suit on the same. In that case the court held that the plaintiff must allege and prove the indorsement if such was to be relied upon to establish plaintiff's title. If not, he, the plaintiff, must set forth in his claim the circumstances under which the note was received.

There is a line of cases which holds that mere possession of a negotiable instrument, payable to order and not indorsed by the payee, is not, alone, evidence of title in the possessor, and that the burden is on the possessor to show a delivery to him with intent to pass title. (*Elvin v. Wuchetich,* 326 Ill. 285; *Oulvey v. Converse,* 326 Ill. 226; *Collins v. Ogden,* 323 Ill. 594; *Kroer v. Smith,* 318 Ill. App. 489 and *City Nat. Bank & Trust Co. of Chicago v. Oberheide Coal Co.,* 307 Ill. App. 519.) Although the above cases, on their face, do not in express wording state the doctrine announced

in *Blanke v. Hammel, supra,* they do, in fact, follow and support its result.

It is contended that the appellant must be diligent, that he is barred by laches. Whether such is a valid argument is to be determined by the nature of the judgment which appellee obtained. Here appellee has never qualified herself to confess judgment under the warrant of attorney which must be strictly construed. Appellee not having shown any authority granted to her by the warrant of attorney received only a void judgment. (*Wells v. Durst Chevrolet Co.,* 341 Ill. 108 and cases cited; *Berlin v. Udell Printing Co.,* 271 Ill. App. 464; *Doss v. Evans,* 270 Ill. App. 55.) To such, laches is never a defense. A void judgment can be impeached at any time. (*Barnard v. Michael,* 392 Ill. 130; *Anderson v. Anderson,* 380 Ill. 435; *People v. Old Portage Park Dist.,* 356 Ill. 340; *People v. Miller,* 339 Ill. 573; *People v. Brewer,* 328 Ill. 472 and *State Bank of Prairie du Rocher v. Brown,* 263 Ill. App. 312.) A void judgment can be vacated by motion and need not be by affidavit. (*Gillham v. Troeckler,* 304 Ill. App. 596 and cases cited; *Duggan v. Kupitz,* 301 Ill. App. 230.)

Appellant contends that a judgment by confession will not be vacated, even though the power of attorney was insufficient to give the court jurisdiction of the defendant, if it appears that the debtor owes the amount of the judgment and that he has neither a legal nor an equitable defense to the debt and cites as authority *May v. Chas. O. Larson Co.,* 304 Ill. App. 137. We have examined this case and cases cited therein. A judgment confessed in open court under the circumstances stated above is a voidable judgment only because the authority of the attorney to confess judgment in open court is presumed. Such judgment remains voidable until the presentation of evidence by the defendant to vacate said judgment including

whether the debt is actually owed. However, where judgment is confessed in vacation, there is no presumption of authority of the attorney and the judgment must stand or fall by the record as made at the time of the entry thereof. Judgment confessed in vacation where neither the power of attorney nor the affidavit is sufficient to give the court jurisdiction of the defendant, results in a void rather than a voidable judgment. Anyone may attack it. Whether the defendant actually owed the debt is not material. (*Desnoyers Shoe Co. v. First Nat. Bank,* 188 Ill. 312.)

Judgment is reversed and remanded with instructions to the lower court to allow the motion to vacate and declare the judgment by confession void.

*Reversed and remanded.*

CULBERTSON, P. J., and SCHEINEMAN, J., concur.